# Richmond.

LOWMAN v. CRAWFORD, TRUSTEE, AND ANOTHER.

NOVEMBER 21, 1901.

Absent, Keith, P.

1. CONDITIONS SUBSEQUENT—*How Created—How Construed.*—Conditions subsequent are not favored in law because they tend to destroy estates. When relied upon to create a forfeiture they must be created by express terms, or clear implication. Language will not be held to create an estate upon condition if it will admit of any other reasonable interpretation.

2. CHANCERY JURISDICTION—*Adequate Remedy—Deed in Consideration of Support—Case in Judgment.*—If the consideration of a conveyance be the care and support of the grantor for life, the covenant to support and maintain creates a continuing obligation on the part of the grantee for the breach of which the remedy at law is not complete and adequate. Equity has jurisdiction to annul and set aside the conveyance, and to put the parties in the position they occupied before the conveyance. In the case in judgment, the conveyance was not upon a condition subsequent, and there was no clause of re-entry, but it was made in consideration of care and support, and the evidence justified the setting aside of the deed, and the reinstatement of the parties to their former position.

Appeal from a decree of the Circuit Court of Augusta county pronounced June 11, 1901, in a suit in chancery wherein the appellees were the complainants, and the appellant was the defendant.

*Affirmed.*

The land in controversy in this suit is part of a larger tract which had been conveyed to a trustee in trust for the sole and

separate use of Mrs. Johnson, one of the appellees. The trustee never united in the deed to the appellant, but Mrs. Johnson's powers over her equitable estate were those of absolute ownership. The other facts sufficiently appear in the opinion of the court.

*Charles Curry* and *Hurst Glenn*, for the appellant.

*Patrick & Gordon*, for the appellees.

HARRISON, J., delivered the opinion of the court.

By deed dated July 26, 1898, Mary E. Johnston conveyed to her nephew, John H. Lowman, a tract of land in Augusta county, upon which she resided, containing 108 acres, 2 roods and 23 poles, together with certain personal property therein mentioned. The consideration for this conveyance expressed on the face of the deed is as follows: "That for and in consideration of the love and affection the said Mary E. Johnston has for the said John H. Lowman, his remaining with her, the said Mary E. Johnston, the taking care of her so long as she may live, in sickness as well as in health, the payment of all her just debts that may be unpaid at her decease; and the further consideration of one dollar cash in hand paid, the receipt of which is hereby acknowledged." The deed contains the following clauses, called exceptions:

"Exception No. 1.

This deed is made to go upon record that the said Mary E. Johnston may feel assured that her property will be disposed of as she wishes; but possession shall not be relinquished by her, the said Mary E. Johnston, during her life: At her, the said Mary E. Johnston's, decease, the said John H. Lowman shall have full and complete possession of the land hereby conveyed, as well as all the personal property enumerated above."

"Exception No. 2.

In the event the said John H. Lowman shall die before 'the said Mary E. Johnston, and not be able to comply with that part of the consideration above, viz.: 'His remaining with her and taking care of her so long as she may live, &c.' she, the said Mary E. Johnston, reserves the right to revoke this deed by making another deed. But unless revoked by the said Mary E. Johnston in a legal manner, this deed shall remain in full force, even though the said John H. Lowman die before the said Mary E. Johnston."

The bill in this case, which is filed by Mary E. Johnston and her trustee, after setting forth her title and the execution of the foregoing deed, charges that the consideration that John H. Lowman should remain with the complainant and take care of her so long as she might live, in sickness as well as in health, has wholly failed; that said John H. Lowman has long since deserted complainant, and has failed, and still utterly fails to take care of her in either sickness or health; and that the treatment of complainant by said John H. Lowman warrants the revocation and cancellation of the deed and the restoration of complainant to all of her rights as they existed prior to the execution of the same.

The defendant, John H. Lowman, filed a demurrer and answer to the bill, in which he alleges that prior to the execution of the deed in question, he was living with his aunt, the complainant, as a farm hand, with the understanding that she would pay him at the rate of $10.00 per month, board him, keep his horse, and do his washing, ironing, and mending; that after the execution of the deed, he took full management of everything, with the understanding that he should have his living out of the farm as a member of the family so long as his aunt lived, estimated at the rate of wages she was theretofore paying him; that the deed was made without any inducement or solicitation

on his part, and accepted by him with the purpose of living up
to its requirements. That soon after the execution of the deed
he married, with his aunt's approbation and consent, and took
his wife to live with him at his aunt's house. Respondent admits
that he afterwards left his aunt's home and employment, but in-
sists that this course was forced upon him in order to get rid
of the unwarranted abuse heaped upon himself and wife by his
aunt; that he made every effort to conciliate her and return, but
that she forbade his return to her premises.

The decree appealed from overruled the demurrer and held,
in accordance with the finding of the commissioner, to whom the
cause was referred, that the deed in question conveyed an estate
*on conditions subsequent;* that those conditions had been broken
by the defendant, Lowman, and that the complainant was en-
titled to have said deed cancelled and declared to be null and
void.

While we agree in the result of this decree, we cannot concur
in the reasons which led the court to its conclusion.

It is well settled that conditions subsequent are not favored
in law, because they tend to destroy estates. When relied upon
to work a forfeiture they must be created by express terms or
clear implication. The courts will not construe an estate to be
upon condition if the language of the deed will admit of any
other reasonable interpretation. Thus a deed made in considera-
tion of a sum of money and the performance of certain agree-
ments contained in an indenture annexed to the deed, providing
for the support of the grantor and his wife, is not a deed upon
condition subsequent. Delvin on Deeds, sec. 978, citing *Ayer* v.
*Emery,* 14 Allen, 67.

There are no words in the deed under consideration creating
a condition subsequent, and nothing to suggest that such a con-
dition was contemplated by the parties; nor is there any clause
providing for a re-entry by the grantor.

The provision in the deed that John H. Lowman should re-

main with his aunt and take care of her in sickness and in health so long as she lived was nothing more than a covenant on his part that he would render those services in consideration for the conveyance of the land to him. It was a valuable consideration, amply sufficient to support the deed; and the release from anxiety as to her care and comfort, thereby held out, constituted, no doubt, the chief inducement for making the deed. *Pownal* v. *Taylor*, 10 Leigh, 179; *Wampler* v. *Wampler*, 30 Gratt., 454.

The jurisdiction of a court of equity to afford the relief prayed for is brought in question by the demurrer which was overruled by the decree appealed from.

The jurisdiction of a court of equity to grant the relief asked for is always exercised when the remedy at law is inadequate. Pom. Eq., Vol. 3, sec. 1377; *Pownal* v. *Taylor, supra; Wampler* v. *Wampler, supra.* The facts in the case last cited are very similar to those in the case at bar. In dealing with the demurrer in that case the court said: "It is plain that the plaintiff did not have a complete and adequate remedy at law. The consideration for the deed of conveyance for the land, as alleged in the bill, was the comfortable support of the grantor and his wife during their lives, and the erection on the land conveyed of a good and comfortable house. This was a continuing obligation on the part of the grantee. It was to continue during the lives of the grantors and each of them. At the end of the first year, or sooner, the grantors had the right of action, if the covenant for support was not complied with, for a breach of the covenant. In such action damages could be recovered only for the refusal of the grantee to perform his covenant *up to the time of the commencement of the suit.* But the obligation for support and maintenance continued for an indefinite time, during the lives of the grantors and each of them; it may be for ten or twenty years. Must the grantors bring their suit every six months or twelve months for a failure upon the part of the grantee to sup-

ply them with food and clothing? And in the meantime, having conveyed their all to the grantee, having deprived themselves of the means of support, must they suffer and starve until by suits at law and executions they could compel the grantee to supply them with the means of support?" * * * * * * We think it clear that the grantors in this case did not have a complete and adequate remedy at law, and that upon the facts stated in the record, admitted by the demurrer to be true, a court of equity had the undoubted jurisdiction, there being no complete and adequate remedy at law, if not to compel a specific performance of the contract on the part of the grantee, certainly to rescind the contract, annul and set aside the deed, and put the parties in the same position they were in before the contract was made and the deed delivered.

The court subsequently adverted to the allegation of fraud as an additional ground for equity jurisdiction, but rested its conclusion on the distinct ground that the remedy was inadequate at law.

In the case at bar, taking the allegations of the bill to be true, it is clear that the remedy at law would be wholly inadequate, and hence a court of equity has jurisdiction and will annul the deed and put the parties in the same position they were in before it was made, if the allegations of the bill are sustained by the proof.

The essential consideration for the conveyance was the undertaking on the part of the grantee to live with his aunt and take care of her in sickness and in health as long as she lived. It is an established fact that the grantee has abandoned the house of the grantor and no longer contributes anything to her care or comfort in either sickness or health. Lowman contends that he was prevented from performing this covenant by the complainant. This excuse for his failure to perform the contract is not sufficiently sustained by the evidence. Trouble appears to have followed the advent of Lowman's wife into the house; it does

not, however, satisfactorily appear that the responsibility for this dissatisfaction rested with the complainant.

It is clear that the complainant made the conveyance in question in order that she might secure a man who would take from her shoulders the responsibility and care of business, provide for her personal safety in her advancing years, and be a support and comfort to her in sickness as well as in health. Of all this complainant has been deprived by the act of the grantee in leaving her home and abandoning the obligations imposed upon him by his contract. Under these circumstances the deed in question should be set aside, and declared to be null and void, and the parties placed in *statu quo*. This has been accomplished by the decree appealed from, and it is affirmed.

*Affirmed.*