## Staunton.

### KEISTER & OTHERS V. CUBINE.

September 10, 1903.

Absent, Buchanan, J.*

1. DEED IN CONSIDERATION OF SUPPORT—*Breach of Condition—Equity Jurisdiction—Relief Afforded—Case in Judgment.*—The remedy at law to enforce the provisions of a deed made in consideration of the support and maintenance of the grantor is not adequate, and for this reason, courts of equity have jurisdiction. What relief equity will grant, will depend on the facts and circumstances of the particular case. In the case in judgment, the grantee faithfully performed her contract until she died, leaving infant children, who were unable further to perform, and the proper relief is for a court of equity to take charge of the property as a trust asset, and administer it through the hands of a receiver, with due regard to the ultimate rights of the infants as well as the paramount rights of the grantor to a support.

2. IMPROVEMENTS—*Knowledge of Bad Title, and Suit Begun.*—No allowance for improvements to real estate will be made to one who makes such improvements with full knowledge of defects in the title, and after notice that the title is in actual dispute and litigation.

Appeal from a decree of the Circuit Court of Bland county, rendered November 21, 1902, in a suit in chancery wherein the appellee was the complainant, and the appellants were the defendants.

*Reversed.*

The opinion states the case.

*Samuel W. Williams* and *W. J. Henson,* for appellants.

*J. J. A. Powell,* for the appellee.

HARRISON, J., delivered the opinion of the court.

*Judge Buchanan was detained at home by sickness.

This record discloses the following facts: On the 1st day of November, 1886, the appellee, Melvina Cubine, conveyed to her daughter, Rhoda L. Cubine, a house and two lots in the town of Mechanicsburg, Bland county. The consideration for the conveyance stated on the face of the deed was "the love and affection of the party of the first part for the party of the second part," "one dollar in hand paid by the party of the second part," and upon the further consideration that "the said Melvina Cubine shall have a proper and comfortable home with said Rhoda Lucinda Cubine for the remainder of her natural life." At the time of this conveyance the grantor was occupying the premises as her home, and within a few weeks thereafter the grantee married C. W. Keister, and together they took possession of the premises, the grantor remaining and abiding with them. So far as the record shows, they continued to live together peaceably and contentedly until March, 1894—more than seven years—when the grantee died, leaving surviving her two infant children and her husband, who are the appellants here.

The grantee, Rhoda L. Cubine, faithfully and fully met and discharged during her life every obligation imposed upon her by the deed, and the grantor enjoyed the benefits thereof, and was fully satisfied with the manner in which the daughter acquitted herself. Upon the death of the daughter trouble began at once for the grantor.

It sufficiently appears that the surviving husband, C. W. Keister, refused longer to furnish appellee with a support, became abusive, and treated her generally with such lack of consideration that she was compelled to abandon the home and seek shelter elsewhere. With these facts as the basis, the bill in this case was filed by the appellee, Melvina Cubine, alleging that the consideration for the conveyance had failed, and praying that the deed be set aside and annulled, and that she be restored to her original rights in the property; or, if not entitled to this re-

lief, that the property be sold, and the proceeds applied to her support and maintenance during her natural life. Upon final hearing of the cause the Circuit Court rescinded and annulled the deed, restored the grantor to her original rights in the property, and awarded a writ to place her in immediate and complete possession. From this decree the infant children of the grantee, by their guardian *ad litem* and next friend, and their father, C. W. Keister, have appealed.

The cases of *Wampler* v. *Wampler*, 30 Gratt. 454, and *Lowman* v. *Crawford*, 99 Va. 688, 40 S. E. 17, are relied on as decisive of the contention that, where the consideration of a deed for maintenance and support has failed, the only remedy that can be applied is a rescission of the contract and a restoration of the grantor to his original status.

We do not understand these cases to establish the hard and fast rule contended for that in every case of a conveyance in consideration of maintenance and support, where the consideration fails, that rescission follows. Those cases primarily establish the right and duty of a court of equity to take jurisdiction in this class of cases, because the remedy is manifestly inadequate at law. The case at bar is a further illustration of the wisdom of affording in such cases equitable relief, for it is here, if possible, more apparent that a court of law, with its more restricted powers, could not do justice between the parties. It does not follow, however, that the same relief must be administered in every case. Equity, having taken jurisdiction, will deal with each case in the light of its own peculiar circumstances.

The power of a court of equity in a proper case to rescind the contract and restore the property to the grantor would certainly include the power to afford a less drastic relief, if the facts pointed to the latter as more consonant with justice. In the cases of *Wampler* v. *Wampler* and *Lowman* v. *Crawford*, *supra*, the grantees were in default, and had abandoned the obligations

assumed.    Under the circumstances of those cases, rescission
and a restoration of the *status quo* was considered the proper
relief.

In the case at bar the circumstances are unusual..  Neither
the grantee nor those claiming under her are in default.   The
grantee died, having faithfully performed her part of the con-
tract during her lifetime.   Her title devolved upon her infant
children, who are not in fault, because they are not capable of
performing the contract during the remainder of their grand-
mother's life.   The fault is that of the father, who is not a
party to the deed, and assumed no obligations under it.   His
default should not be allowed to prejudice his infant children
in their rights.   The deed makes no provision for the event of
the grantee's death before the complete performance of her
contract.   It is doubtless true that an important consideration
moving the grantor to make the deed was the hope and ex-
pectation of that affection and regard that no one can render
so acceptably as an only daughter.   That solace has been re-
moved by the hand of Providence, and no human agency can
supply an adequate substitute.   All that remains to the grantor
is the material support provided for by the deed.   The daugh-
ter's estate is insolvent, except to the extent of her interest in
this property.   Under these circumstances the grantor comes
into a court of equity for relief.   She is entitled to the full
measure of the support provided for by the deed, but not to a
rescission of the contract and an entire restoration of the prop-
erty to her use.   In tenderness to her infant grandchildren,
upon whom the grantee's title has devolved, and who are with-
out fault, a court of equity will, through the hands of a re-
ceiver, take charge of the property as a trust asset, and adminis-
ter it with due regard to the ultimate rights of the infants as
well as the paramount rights of the grantor to a support.   The
right of the grantor to a support is above all other claims, and
it may be, as suggested, that, when the value of that support

has been properly ascertained, a sale of the property will be necessary, and a consumption of the *corpus* required to satisfy the demand. On the other hand, something may be left for the infant children of the grantee, which it will be the duty and pleasure of the court to preserve and protect for their benefit.

The action of the learned judge in refusing to allow the appellants to file in vacation their petition was without error. That petition set up a claim on behalf of C. W. Keister for the value of certain permanent improvements alleged to have been made upon the property in question. Whether or not such a petition could be filed in vacation we need not consider. The petition states on its face that most of the improvements were placed on the property by the appellant, C. W. Keister, and the larger part thereof after the institution of this suit. The improvements could not, therefore, have been made under the belief that appellants had a good title, but were made not only with full knowledge of the deed, which did not on its face disclose a good title, but with full notice that the title was in actual dispute and litigation.

In the view we have taken of the case, other questions raised and discussed need not be considered.

For these reasons the decree appealed from must be reversed, and the cause remanded for further proceedings to be had therein not in conflict with this opinion.

*Reversed.*