# Staunton

## MARTIN v. HALL.

September 11, 1913.

Absent, Keith, P., and Whittle, J.

1. DEEDS—*Consideration—Evidence to Contradict—Case in Judgment.*—
   The statement in a deed of a money consideration and of its payment is a mere recital, and, while such recital is *prima facie* evidence of the facts recited, the true consideration for the conveyance may be inquired into, and it may be shown by parol evidence that the actual consideration paid or promised was different from that stated in the deed, and also to contradict the recital in the deed that the consideration had been paid, provided such evidence does not alter or contradict the legal import of the deed. In the case in judgment, while the deed recited a money consideration paid, the parties were permitted to show that the real consideration was the future support and maintenance of the grantor.

2. EQUITY—*Rescission—Deed in Consideration of Support.*—Where the consideration of a deed is the maintenance and support of the grantor by the grantee, during the latter's life, and he fails or refuses to furnish support, the grantor may come into a court of equity and have the conveyance rescinded, as he has no adequate remedy at law.

Appeal from a decree of the Circuit Court of Bedford county. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*S. S. Lambeth, Jr.,* and *Landon & Lowry,* for the appellant.

*Nelson Sale, Robert W. Withers* and *S. V. Kemp,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit was to set aside and annul a deed by which the appellee conveyed to the appellant a tract of land containing about one hundred and thirty acres. The relief prayed for was granted by the circuit court, and from that action this appeal was allowed.

The material question involved in the case is whether or not parol evidence was admissible to show that the real consideration for the land conveyed was the support and maintenance of the grantor during his life by the grantee instead of the money consideration stated in the deed.

The deed, omitting formal parts, is as follows:

"Witnesseth: That for and in consideration of the sum of six hundred dollars in hand paid by the said party of the other part, the receipt whereof is hereby acknowledged, the said party of the first part has bargained and sold, and by these presents does sell, release and convey with special warranty unto the said party of the other part all right, title and interest in and to a certain tract or parcel of land lying in the south side of Bedford county, on the head waters of Ashwell's mill creek, adjoining the lands of Melissa J. Kennett, Allen A. J. Hall and others, and being the same land purchased from John Hall's estate, containing 132½ acres be the same more or less."

The statement in the deed as to the consideration is a mere recital of the amount and that it had been paid; but while such recital is *prima facie* evidence of the facts recited, the true consideration for the conveyance may be inquired into and it may be shown by parol evidence that the actual consideration paid or promised was different

from that stated in the deed, and also to contradict the recital in the deed that the consideration had been paid, provided such evidence does not alter or contradict the legal import of the deed. See *McKee* v. *Bunting, McNeal Real Est. Co.,* 114 Va. 639, 77 S. E. 515, and authorities there cited.

The parol evidence offered and considered by the trial court did not alter or in any way affect the legal import of the deed. It satisfactorily shows that while as a matter of form six hundred dollars passed through the hands of the grantee to the grantor, it was immediately returned to the grantee's father, and that the real consideration for the conveyance was the support and maintenance of the grantor during his life by the grantee. The parties seem to be quite ignorant, and the evidence tended to show that they had the impression that although the true consideration for the deed was the support and maintenance of the grantor, it was necessary to give validity to the deed that it should recite or state that a money consideration had passed. Pursuant to the real agreement between the grantor and the grantee, the latter did support and maintain the former after the execution of the conveyance in 1904 for about two years. Then differences arose between them. The grantee refused to wash the grantor's clothing or to have it done for him, and he had to get it done elsewhere and pay for it. On account of unkind treatment the grantor left the premises for a time. The parties afterwards tried to adjust or have their differences adjusted, but were unable or failed to do so. Just previous to the institution of this suit the grantor went to the premises which he had conveyed to the grantee to talk with the grantee about their matters when she ordered the grantor to leave the premises and denied that she was under any obligation to support and maintain him, claiming then, as she does now, that the consideration for the conveyance was money and not support and maintenance.

No good purpose could be subserved by discussing in detail the evidence in the case. It will be sufficient to say that it satisfactorily shows that the real consideration for the conveyance sought to be set aside was the support and maintenance of the grantor for life by the grantee; that the latter has not only failed to support and maintain the grantor, but before the institution of this suit, as well as in her answer to the bill and in her deposition, denied that she was under any legal obligation to do so. The consideration of the conveyance for support and maintenance having thus failed, the grantor was entitled under the decisions of this court in *Wampler* v. *Wampler*, 30 Gratt. (71 Va.) 454; *Lowman* v. *Crawford*, 99 Va. 688, 40 S. E. 17; and *Keister* v. *Cubino*, 101 Va. 768, 45 S. E. 285, to come into a court of equity, because he had no adequate remedy at law, and have the conveyance rescinded.

The decree complained of must, therefore, be affirmed.

*Affirmed.*