# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## Tysor and Others v. Adams.

### March 12, 1914.

#### Absent, Cardwell, J.

1. Deeds — *Support of Grantor—Failure of Consideration.*—The evidence, in the case in judgment, presents a case of a conveyance of a house and lot in consideration that the grantees would permit the grantor to make the house his home as long as he lived, without charge for board, and that they would take care of him in case of sickness and in the event of death see that he was properly buried, which undertaking the grantees have wholly failed to perform. There has been a total failure of consideration and the decree of the trial court setting aside the deed is affirmed.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for the complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*E. R. F. Wells,* for the appellants.

*R. Randolph Hicks,* for the appellee.

Harrison, J., delivered the opinion of the court.

The bill in this case was filed at the November rules, 1911, of the Circuit Court of the city of Norfolk, alleging that a certain deed executed June 13, 1911, by the appellee, Charles E. Adams, to the appellants, L. W. Tysor

and Hattie V. Tysor, his wife, conveying to the latter a certain house and lot, was executed through persuasion and blandishment, the complainant being an old man and not able to take care of himself, and that the consideration for the deed had wholly failed. The prayer of the bill was that the deed be declared null and void, and the grantees enjoined from interfering with the complainant's possession of the premises.

The record shows that the appellee, Charles E. Adams, was a retired seafaring man, old and infirm, who owned a small house and lot in the city of Norfolk for which he had paid $1,300. This property was rented from him by the appellants, L. W. Tysor and Hattie V. Tysor, his wife. These tenants were practically strangers to Adams, the property having been rented to them through an agent. In the latter part of May, 1911, Adams, the appellee, was sick and boarding with Mrs. Frank. There he was called upon by Mrs. Tysor, his tenant, who, although a stranger, succeeded in persuading the appellee to leave Mrs. Frank's and go to his own house and live with her. In a few days after appellee took up his abode with Mr. and Mrs. Tysor, he executed the deed in question, dated June 13, 1911, conveying to them jointly his house and lot in which they were living. The consideration stated on the face of the deed was "Five dollars and other valuable consideration," but in a few days thereafter a paper was executed by L. W. Tysor showing that the real consideration was that the grantees would allow the grantor to make the house his home as long as he lived without charge for board, and that they would take good care of him in case of sickness, and in the event of death see that he was buried properly.

While the evidence shows that the grantor in this deed was a feeble, guileless old man, without any business experience, it is not sufficient to sustain the contention that

he was without the requisite capacity to make the deed. We are, however, of opinion that the conditions upon which the deed was executed were broken by the grantees without fault on the part of the grantor. It is impossible, in the light of the evidence in this case, to escape the conclusion that as soon as the deed was executed appellants conceived the idea that they had the grantor in their power, and could deal with him as they pleased. It is shown that within a few days after the deed was executed, the grantees put a deed of trust on the property to secure $200, and that in about three months thereafter they executed a second deed of trust to secure the further sum of $850 thereon. That appellants failed to perform the obligations assumed by them under the deed is fully sustained by the evidence. They, however, claim that appellee refused to permit them to discharge such obligations, but this position is not sustained. The record shows that appellant's treatment of the appellee changed, practically, with the change in the ownership of the property, and that it was characterized by a degree of harshness, if not cruelty, toward this feeble old man more than sufficient to cause him to abandon their table and keep out of their way. Abuse and threats took the place of the care and kindness that was due from the grantees under the deed. On one occasion the appellant, L. W. Tysor, called the appellee a "thief and a liar," and told him that he had him where he wanted him, and intended to keep him there, threatening to get rid of him in short order so that he could not bother any one. It is not surprising that with such treatment and threats the appellee should become so terrorized as to make him afraid to remain in the house when L. W. Tysor was there, and to bar his room door at night as a means of protection.

This, in brief, is the unhappy condition that this grant-

or found himself in after conveying his property to the appellants upon condition that they would take care of him and minister to his comfort during his life.

The record further shows that in less than four months after the deed was made appellants rented a house elsewhere and established themselves in it, and made an effort to rent out the house that had been conveyed to them by the appellee, who continued to occupy a room there alone. Appellants attempt to justify this open abandonment of their contract by the claim that they invited the appellee to go and live with them in their rented home. Whether or not any such invitation was given in good faith is wholly immaterial. Appellee was under no obligation to accept such an invitation. The contract between the parties provided that the appellee was to make the house conveyed by him to the appellants his home with them, and be there supported and cared for by them during his life.

We have stated the salient facts of record, the force of which cannot be diminished by reciting the evidence further. Contracts like the one under consideration usually result disastrously, but it is rare when the breach of such a contract calls more urgently for equitable relief than it does in the present case.

We are of opinion, therefore, that the decree of the circuit court granting to the appellee the relief prayed for is plainly right and must be affirmed.

*Affirmed.*