Syllabus.

# Richmond.

## ECHARD V. WAGGONER.

### November 20, 1919.

1. DEEDS—*Parol Evidence—Consideration—Case at Bar.*—A husband and wife deeded certain real property to their daughter in consideration of one dollar and of "the premises hereinafter stated," retaining a life estate for themselves. The instrument then provided for the leasing of the life estate retained by the father and mother to the daughter in consideration of the daughter's paying the debts of her father and mother and the taxes on the land, and maintaining and supporting her father and mother as long as they should live. It was contended by the daughter that the conveyance of the remainder after the expiration of the joint life estate was an absolute, unconditional gift, and that the consideration for the deed, i. e., the support of her father and mother, payment of taxes, etc., which she was to furnish, related only to the lease of the life estate.

    *Held:* That while the case was not free from difficulty if the language of the instrument alone was considered, the parol evidence in the case showed clearly that the grantors did not intend to make an absolute gift of any part of their estate, that the considerations in the contemplation of the parties for the contract as an entirety were those expressed in the deed, and related to the remainder as well as to the lease of the life estate.

2. PAROL EVIDENCE—*Deeds—Consideration.*—Parol evidence is admissible to show the true consideration for a conveyance, and that the actual consideration paid or promised was different from that stated in the deed, provided such evidence does not alter or contradict the legal import of the deed.

3. RESCISSION, CANCELLATION AND REFORMATION—*Deeds—Consideration—Failure of Consideration—Case at Bar.*—Where a father and mother conveyed their property to their daughter in consideration of the daughter supporting them during their lives, paying the taxes on the property and paying their debts, and the daughter failed to pay the taxes promptly and expressly repudiated her obligation to pay the debts, the daughter failed

to supply the consideration which she was bound to supply, and the grantors are entitled to have the instrument canceled for such failure of consideration.

4. RESCISSION, CANCELLATION AND REFORMATION—*Jurisdiction of Equity—Deeds—Failure of Consideration.*—The jurisdiction of equity in case of the failure of consideration for a deed is well settled, and, having acquired jurisdiction, the court should administer such relief as appears to be proper in the particular case—in the instant case, rescission of the deed.

Appeal from a decree of the Circuit Court of Highland county.   Decree for complainants.   Defendant appeals.

*Affirmed.*

The opinion states the case.

*Jos. A. Glasgow,* for the appellant.

*John M. Colaw, Timberlake & Nelson* and *L. Travis White,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

This suit was brought by Uriah Waggoner and his wife for the purpose of cancelling and annulling a deed by which they had conveyed to their daughter, the appellant, their tract of land and certain personal property, the bill alleging fraud in the procurement of the deed and failure of consideration.   The circuit court granted the relief prayed for, and from that decree this appeal was allowed.   Since then Uriah Waggoner has died and the cause has been revived in the name of his widow and children.

The deed reads thus:

[1] "This deed, made this 26th day of January, 1914, between Uriah Waggoner and Sarah C. Waggoner, his wife, parties of the first part and Barbara Echard, party of the second part;

"Witnesseth: That for and in consideration of the sum .of one dollar paid by the party of the second part to the parties of the first part, the receipt of which is hereby acknowledged, and for and in consideration of the premises hereinafter stated, the parties of the first part do convey with general warranty unto the party of the second part, all their land lying in the county of Highland, in the State . of Virginia, being the land on which the parties of the first part now reside, adjoining the lands of Geo. A. Smith, Isaac Simmons, Web Kiser and others, but the parties of the first part do retain a life estate in the said land for themselves and the survivor.

"And in consideration of the agreement of the party of the second part this day with the party of the first part that she shall pay all the debts of the parties of the first part and pay the taxes on the said land each year as long as the parties of the first part live and that she will maintain and support the parties of the first part as long as they live, furnish them sufficient clothing, food and a good house in which to live, pay their doctor's bills and take care of them in all respects according to their station in life, the parties of the first part do grant possession of the said land to the party of the second part and agree that she shall keep the possession of the said land as long as she cares for them properly, maintains and supports them comfortably and according to their station in life and also gives the party of the second part the right to make use of all the personal property on the said land which she may see fit to use. And if all the parties to this deed remain satisfied with the present arrangement as long as the first *part* live then this contract or lease of the land is to stand. But the parties of the first part distinctly preserve the right to require the party of the second part to give possession of the said land and all personal property. actually belonging to

the parties of the first part at any time the parties of the
first part may conclude that the party of the second part
is not properly maintaining, supporting and caring for the
parties of the first part so that the parties of the first have
the right to take possession of the said land at any time
they may see fit and keep the same as long as they, the par-
ties of the first part live and as long as either of them live.
But at the death of the survivor of the parties of the first
part the said land goes to the party of the second part.

"And it is understood and agreed by all parties to this
deed that the parties of the first part have the right to live
in the home now occupied by the party of the second part
or in the home mentioned and described in this deed and
hereby conveyed either they may see fit. And if the party
of the second part does not live as long as both the parties
of the first part, then her right to the possession of the
said land and all the property thereon belonging to the
parties of the first part ceases.

"Given under our hands and seals this 26th day of Jan.
1914."

It is contended for the appellant that the conveyance of
the remainder after the expiration of the joint life estate
which was retained by the grantors is an absolute, uncon-
ditional gift, and that the consideration for the deed which
she was to furnish relates only to the lease of the life es-
tate; while for the appellees, it claimed that the consider-
ations in the contemplation of the parties for the contract
as an entirety were those expressed in the deed, and relate
to the remainder as well as to the lease of the life estate.

The considerations thus expressed in the clause convey-
ing the remainder are one dollar and "the premises herein-
after stated," and in the succeeding clause leasing the life
estate, that the grantee shall pay all of the debts of the
grantors, pay the taxes on the land each year as long as
the grantors live, that she shall maintain and support the

31

grantors during their lives, furnish them sufficient food, clothes and a good house in which to live, pay their doctor's bills, and take care of them in all respects according to their station in life. Although these considerations are fully and definitely expressed only in the clause relating to the lease, they are very clearly the considerations which are also referred to in the preceding clause of the deed granting the remainder, and indefinitely expressed by the words, "in consideration of the premises hereinafter stated."

[2] The case is not free from difficulty if the language of the instrument alone is considered, but it is well settled that parol evidence is admissible to show the true consideration for a conveyance, and that the actual consideration paid or promised was different from that stated in the deed, provided such evidence does not alter or contradict the legal import of the deed. *Martin* v. *Hall*, 115 Va. 358, 79 S. E. 320.

The deed together with the parol evidence in this case show very clearly indeed that the grantors did not intend to make an absolute gift of any part of their entire estate to the appellant, their daughter. They were willing to execute a will giving her their property at their death, if their daughter would pay their debts as well as support and maintain them during their lives. It was only after persuasion and the refusal of the daughter to undertake such an obligation unless they would make her an irrevocable deed, that they executed the instrument in question, which is described by the parties as "something between a deed and a will." There is no evidence of fraud in the procurement of the instrument, but it is established that after a residence of less than three months in the daughter's home, the parents went back to their old home, because the disagreements were sharp and apparently irreconcilable. It is noted, however, that under the deed itself the

grantors had the option either to live in the home of the grantee or in their old home which was conveyed by the deed; so that merely returning to their old home could not of itself be construed as revoking and cancelling the lease of the life estate to the daughter.

It clearly appears that after the return of her father and mother to the old home, the daughter refused to pay their debts, which, as we construe the contract, she was clearly under obligation to do. The consideration for the conveyance of the remainder and the consideration for the lease of the life estate to the daughter cannot be distinguished, apportioned, or separated. There was a single contract which imposed upon the grantee the obligation both to pay the debts and to furnish support and maintenance. There is nothing then in the record which justifies the conclusion that the grantors intended to make an unconditional gift of the remainder after the expiration of the life estate. The clause in the deed which is relied upon for the contrary view is this: "but at the death of the survivor of the parties of the first part the said land goes to the party of the second part." Standing alone, this clause supports that contention, possibly, but it does not stand alone, and must be considered along with every other part of the instrument being construed, as well as with reference to the parol evidence showing the motive and true consideration for the entire conveyance. This language appears in the paragraph of the deed which provides for the lease of the life estate, and immediately follows the reservation to the grantors of the right to cancel this lease for failure to support and to resume possession of the property at will. The clause quoted should be construed as relating to this reservation and to mean that the mere resumption of possession of the land and personal property should not of itself defeat the remainder after the expiration of the life estate; and should not be construed to relieve the grantee from her

obligation to supply the consideration (except so far as prevented from doing so) which under the deed she was required to provide.

[3] Inasmuch, therefore, as the grantee failed to pay the taxes promptly, as required by the conveyance, and has expressly repudiated her obligation to pay the debts, she has failed to supply the consideration which she was bound to supply, and it follows that the trial court has rightly determined that the grantors are entitled to have the instrument cancelled for such failure of consideration.

[4] The jurisdiction of equity in such cases is well settled, and having acquired jurisdiction the court should administer such relief as appears to be proper in the particular case. *Keister* v. *Cubine,* 101 Va. 768, 45 S. E. 285.

Rescission of the deed was the relief granted in *Lowman* v. *Crawford,* 99 Va. 688, 40 S. E. 17; *Martin* v. *Hall,* 115 Va. 358, 79 S. E. 320; and *Tysor* v. *Adams,* 116 Va. 239, 81 S. E. 76, 51 L. R. A. (N. S.) 1197, and this is the relief which should be granted in this case.

*Affirmed.*