185 S.E.2d 513 (1971)
James H. BREWSTER, Jr.
v.
Taylor E. HINES.
No. 12960.
Supreme Court of Appeals of West Virginia.
Submitted September 14, 1971.
Decided November 2, 1971.
Dissenting Opinion December 17, 1971.
*515 Ernest V. Morton, Jr., Webster Springs, for appellant.
William W. Talbott, John R. Dyer, Webster Springs, for appellee.
*514 CALHOUN, Judge.
This case is before this Court upon an appeal from a summary judgment rendered in favor of the defendant by the Circuit Court of Webster County in a civil action instituted by James H. Brewster, Jr., as plaintiff, the appellant herein, against Taylor E. Hines, as defendant, the appellee herein, to recover damages for breach of a covenant of general warranty of title contained in a deed of conveyance of real estate.
The principal question presented for decision on this appeal is whether James H. Brewster, Jr., under the circumstances of this case, had been constructively evicted from the real estate in question at the time summary judgment was entered against him in the civil action for breach of the covenant of general warranty.
By a deed dated July 15, 1960, Taylor E. Hines, the defendant, and Celia A. Hines, his wife, conveyed to James H. Brewster, Jr., the plaintiff, 145 acres of land in Webster County "with covenants of general warranty of title." The consideration for the conveyance, the sum of $8,000, was fully paid. In 1967, the plaintiff expended the sum of $2,390.10 in preparing the land for the purpose of selling the timber located thereon. During the time the plaintiff was preparing to make a sale of the timber, he was advised by an attorney, Albert L. Sommerville, Jr., of the Town of Webster Springs, the county seat of Webster County, that there was some question concerning the validity of the plaintiff's title to the tract of land. The plaintiff thereafter employed Ernest V. Morton, Jr., an attorney, also of the Town of Webster Springs, to examine the title to the real estate in question. Upon the completion of the title examination, Attorney Morton advised the plaintiff that Mary R. Holway and Edward J. Holway, Jr., residents of the State of Ohio, were the holders of the fee simple title to the tract of land.
On August 21, 1967, the plaintiff instituted the civil action to recover damages for breach of the "covenants of general warranty" contained in the deed and to attach certain real estate owned by the defendant. Upon the filing of the plaintiff's affidavit stating that it was the plaintiff's belief that the defendant was about "to assign and dispose of his property, with intent to defraud his creditors," an order of attachment of the defendant's real estate was issued by the Clerk of the Circuit Court of Webster County.
Prior to the filing of an answer, counsel for defendant Hines propounded certain interrogatories to the plaintiff pursuant to the provisions of R.C.P. 33. Following the filing of the answers to the interrogatories, the defendant filed an answer by which he *516 alleged that the complaint failed to state a cause of action "in that there has been no allegation in said complaint that the plaintiff has been evicted from said real estate." In addition to the answer, defendant Hines filed a motion for summary judgment and also a counterclaim against the plaintiff upon the ground that the plaintiff had wrongfully attached his property. The defendant, by his counterclaim, demanded judgment against Brewster in the amount of $5,000.
In connection with his answers to interrogatories propounded to him, Brewster stated that nobody was in actual possession of the real estate at the time he received his deed from defendant Hines and his wife. In answer to another question, Brewster stated that, upon being advised that Mary R. Holway and Edward J. Holway, Jr., held paramount title, he conferred with Mr. Holway in his home city and "attempted to purchase his and his sister's quitclaim title to the property without success."
On October 25, 1967, while the action for breach of warranty of title was pending, the plaintiff, James H. Brewster, Jr., instituted a civil action against Mary R. Holway and Edward J. Holway, Jr., in the Circuit Court of Webster County in order to litigate the title to the real estate involved in the breach of warranty action. On November 22, 1967, Mary R. Holway and Edward J. Holway, Jr., filed an answer to the complaint and a motion for summary judgment, asserting in the motion and alleging in the answer that the complaint failed to state a cause of action because Mary R. Holway and Edward J. Holway, Jr., are the owners of an estate "in fee simple absolute" in the real estate in question and that the deed from Taylor E. Hines and Celia A. Hines, his wife, to James H. Brewster, Jr., constituted a cloud on their title. They prayed in their answer that the deed from Taylor E. Hines and his wife to James H. Brewster, Jr., "be declared null, void and of no effect and that the same be cancelled."
By allegations made in their answer, Mary R. Holway and Edward J. Holway, Jr., traced the source of their fee simple title to the real estate in question by specific and detailed reference to instruments duly made and properly recorded in the office of the Clerk of the County Court of Webster County. "Documentary evidence" was filed in support of the motion for summary judgment. In their motion for summary judgment, Mary R. Holway and Edward J. Holway, Jr., asserted that they have "clear and complete title to the real estate in question" and that there "are no questions of fact for jury determination." Attached as an exhibit to the motion for summary judgment was an affidavit of the Sheriff of Webster County which disclosed that the Holway defendants and their predecessors in title had paid the property taxes on the real estate in question continuously since 1915.
Although Taylor E. Hines was not made a party to the action instituted by Brewster against the Holway defendants, a notice in writing was directed to Hines and, on December 14, 1967, the notice was served upon William W. Talbott, who was one of the two attorneys of record for Taylor E. Hines in the pending action for breach of warranty of title. The notice was as follows:

"NOTICE
"TO: Taylor E. Hines
"You are hereby notified that the plaintiff in this case James H. Brewster, Jr., filed an action in the Circuit Court of Webster County, West Virginia, being Civil Action No. 1027 against Mary R. Holway and Edward J. Holway, Jr., to litigate the title of, and right of possession to, a tract of land of 145 acres conveyed by you to the said James H. Brewster, Jr., and which is the subject of this present action, and that the said Mary R. Holway and Edward J. Holway, Jr., have filed an answer to the complaint in said Civil Action No. 1027 *517 and have filed a motion for summary judgment therein.
"You are hereby further notified and requested to assist the undersigned James H. Brewster, Jr., in defense of his title of the 145 acre tract of land derived from you, as the same has been put in issue by the pleadings in said Civil Action No. 1027 aforesaid."
On January 3, 1968 a hearing was held pursuant to the motion for summary judgment filed by the Holway defendants. By an order entered on January 8, 1968, the Circuit Court of Webster County sustained the defendants' motion for summary judgment against Brewster and adjudged that "the title to said real estate out of which this cause arises is in the defendants as against the plaintiff, James H. Brewster, Jr., and that the defendants have the lawful title to said real estate as against the plaintiff, James H. Brewster, Jr." This, we believe, was tantamount to a court adjudication that Taylor E. Hines had held no valid legal title to the real estate, in view of the fact that Brewster asserted no basis of title in himself other than the alleged title conveyed to him by the Hines deed.
On August 9, 1968, James H. Brewster, Jr., the plaintiff in the breach of warranty action, filed therein an amended complaint by which he alleged that defendant Hines and his wife had conveyed the real estate in question to the plaintiff by a deed with a covenant of general warranty for a consideration of the sum of $8,000; that, at the time of the execution and delivery of the deed, defendant Hines did not have "good, valid and marketable title" to the real estate; that by reason of the summary judgment rendered against James H. Brewster, Jr., and in favor of Mary R. Holway and Edward J. Holway, Jr., they have legal title to the real estate; and that "by reason of the foregoing a paramount title has been successfully asserted against this plaintiff by third parties, and plaintiff has been effectively, legally and actually ousted from title to and right of possession of said tract of 145 acres."
In an answer to the amended complaint, filed in the breach of warranty action, Taylor E. Hines, the defendant, alleged that the plaintiff had not stated a claim against the defendant; that the plaintiff was never actually or constructively evicted from the real estate; that no notice was given to defendant Hines of the civil action instituted by the plaintiff against the Holway defendants; and that, by instituting the civil action against the Holway defendants, the plaintiff had demonstrated that "he consented to and participated in the trying of said title to said real estate and colluded with the defendants * * *."
It does not appear from the record that Taylor E. Hines has, by pleading, brief of counsel or otherwise, affirmatively asserted that he and his wife conveyed a valid legal title to Brewster, or a title which is paramount to the Holway title. His basic defense to the breach of warranty action is the contention that Brewster has not been evicted from the real estate in question.
In addition to the answer to the amended complaint in the breach of warranty action, the defendant, Taylor E. Hines, filed a counterclaim and a motion for summary judgment. Hines' motion for summary judgment was submitted to the trial court for decision upon Brewster's amended complaint; upon Hines' answer to the amended complaint, including his counterclaim for $5,000 asserted against Brewster; upon Brewster's reply to the counterclaim; and upon answers made by Brewster to interrogatories propounded to him by Hines. After the case was pending on appeal in this Court, counsel for Brewster and counsel for Hines, stipulated that "the entire record" in the action of Brewster against the Holway defendants "should be made a part of the record as an exhibit" in the breach of warranty action. By an order entered on September 18, 1969, the Circuit Court of Webster County sustained defendant Hines' motion for summary judgment *518 for reasons set forth in a written opinion filed by the court and made a part of the record by the court's order. The court stated in its written opinion that defendant Hines received no valid legal notice of the pendency of the civil action instituted by Brewster against Mary R. Holway and Edward J. Holway, Jr. The court's written opinion contains the following additional statement:
"The Court is further of the opinion that, as the law relates to breaches of covenants in deeds for quiet possession of real estate, it is not proper for the covenantee to test his title by instituting actions against any person claiming a superior title, and thereby compel his grantor to expend time and funds in defending any and all such actions as may be envisioned by the grantee for the purpose of quieting any and all claims of any and all persons having a lien upon or claim of an interest in the real estate of the grantee. But, when and if an action is instituted against the grantee to evict or dispossess him, an action uninvited by the grantee, upon sufficient and timely notice to the grantor, he, the grantor must come in and defend, at his expense, his title to the grantee. If the law be otherwise it would permit a grantor who may be disappointed in his conveyances to harrass the grantee by instituting one or numerous law suit against any and all persons who might in fact have some legitimate claim to or interest in the real estate conveyed to the grantee."
The effect of the trial court's reasoning appears to be that, upon a proper notice, a legal duty to defend Brewster's title would have devolved upon Hines if Mary R. Holway and Edward J. Holway, Jr., as plaintiffs in a civil action, had assailed Brewster's title; but that no such duty devolved upon Hines when the same two persons affirmatively assailed Brewster's title in their capacity as defendants in the civil action instituted against them by Brewster. In that connection, we deem it pertinent to note that Hines will have ample opportunity in the pending breach of warranty action to defend Brewster's title against the hostile claim of title asserted by Mary R. Holway and Edward J. Holway, Jr.
The general rule applicable to civil actions for breach of covenants of general warranty of title is stated in McKinley Land Company v. Maynor, 76 W.Va. 157, 159-160, 85 S.E. 79, 80, as follows:
"A covenant of general warranty of title is merely a covenant to warrant and defend the title against the claims of all persons whatsoever. It is not broken until there is an eviction of the vendee from the property, or equivalent disturbance, by title paramount * * * The mere existence of an outstanding paramount title will not authorize a recovery on the warranty. In substance and effect the covenant is a guaranty against an actual eviction, or a constructive eviction by possession of another under paramount title. Hence it is not broken until there is an eviction actual or constructive." (Italics supplied.)
Counsel for James H. Brewster, Jr., recognizes that, in order to recover in the civil action for breach of warranty of title, Brewster must establish by proper pleading and proof that he has been actually or constructively evicted from the real estate described in the Hines deed. Admittedly he has not been actually or physically evicted. The precise question to be decided, therefore, is whether, under the circumstances of this case, there was a constructive eviction. It is difficult to state precisely delineated legal principles or generally applicable rules to furnish definite guidelines for determining judicially what constitutes constructive eviction in an action for breach of warranty of title.
The Court held in Harr v. Shaffer, 52 W.Va. 207, 43 S.E. 89, that a judicial eviction from land is not indispensable to recovery upon a covenant of general warranty of title and that actual or constructive ouster will suffice. The question presented *519 for decision in the Harr case was whether the sale of the real estate under a prior deed of trust was such an assertion of adverse title as to amount to a constructive eviction. The Court, in holding that the sale of the property constituted a constructive eviction, stated (52 W.Va. 207, 211, 43 S.E. 89, 91): "A general warranty is a covenant for quiet possession. Did not this sale, * * * disturb the quiet of Harr's possession? Could he thereafter go on to clear the wild land and improve it in peace and safety? Could he crop it in certainty of reaping, or sow it in grass for pasturage?"
In Ilsley v. Wilson, 42 W.Va. 757, 26 S. E. 551, the first point of the syllabus is as follows: "In an action of covenant for breach of warranty, if it appears that a portion of the land conveyed with covenants of general warranty was in the adverse possession of a stranger at the date of the conveyance, and held by a paramount title, the grantee in such deed will be held to be evicted on the day of the execution of said deed, and the statute of limitations will commence to run against the action from that date, and will be barred in 10 years thereafter." See Rex v. Creel, 22 W.Va. 373, pt. 1 syl.
The following language appears in 15 C.J., Covenants, Section 156, pages 1287-88: "To constitute a breach of the covenant of warranty there must be an eviction or equivalent disturbance by title paramount, unless there was an entire want of title in the grantor, * * *." (Italics supplied.) This principle of law is stated in 21 C.J.S. Covenants § 112, page 978, as follows: "It is sufficient if the grantee is compelled to yield to a paramount title to prevent actual eviction, especially where the deed passed no title to the grantee, this being a constructive eviction." In the case of Bull v. Beiseker, 16 N.D. 290, 113 N.W. 870, the third point of the syllabus is as follows: "If a grantor assumes to convey real property with full covenants of warranty when he has neither title nor possession, there is at once a constructive eviction of the grantee, which entitles him to the same remedies which he would have had if he had been evicted from actual possession." The same principle of law was stated in the case of Woodford v. Leavenworth, 14 Ind. 311, as follows: "To constitute a breach of a general covenant of warranty, there must have been an entire want of title in the grantor, or an eviction by paramount title." (Italics supplied.) For additional cases to the same effect, see Hooker v. Folsom, 4 Ind. 90; Rabon v. Turner (La.App.), 115 So.2d 243; Brunt v. McLaurin, 178 Miss. 86, 172 So. 309.
We are of the opinion that it is not encumbent upon Brewster, in order to recover in the breach of warranty action, to allege and prove an actual physical eviction, but that he may sustain the burden of proving a constructive eviction if he alleges and proves that the deed from defendant Hines and his wife passed no valid legal title and that he, Brewster, in good faith, surrendered possession to persons holding the paramount or superior title. Platner v. Vincent, 187 Cal. 443, 202 P. 655; DuBois v. Smith, 76 Ga.App. 556, 46 S.E.2d 590; Mizell v. Schubert, 31 Ga. App. 651, 121 S.E. 852; Shuford v. Phillips, 235 N.C. 387, 70 S.E.2d 193; Camden County Welfare Board v. Federal Deposit Insurance Corporation, 1 N.J.Super. 532, 62 A.2d 416; Schneider v. Lipscomb County National Farm Loan Ass'n, 146 Tex. 66, 202 S.W.2d 832; Felts v. Whitaker (Tex. Civ.App.), 129 S.W.2d 682; Love v. Minerva Petroleum Corporation (Tex.Civ. App.), 105 S.W.2d 892.
In an annotation appearing in 172 A.L.R. 18, the following statement appears on page 76: "* * * it seems that any adverse judicial determination in which the question of title was in issue constitutes a sufficient constructive eviction to support a recovery by the grantee on the covenant of warranty." To the same effect, see 21 C.J.S. Covenants § 112, page 981; 20 Am. Jur.2d, Covenants, Conditions, and Restrictions, *520 Section 62, pages 631-32. In Cox v. Bradford, 101 Ark. 302, 142 S.W. 170, the court held that a decree of a chancery court cancelling the deeds through which a grantee claimed his title was a sufficient eviction to entitle the grantee to recover in an action for breach of a covenant of warranty of title.
Counsel for Hines, the appellee, contend in their brief that there has never been an assertion of hostile title by a third person; that the plaintiff enjoyed quiet possession of his property "until he decided without any force, duress or threats to try and buy what he contended was an adverse title"; and that "this eviction, if it was in fact an eviction, was with Brewster's consent * * *."
In the case of Sarlls v. Beckman, 55 Ind.App. 638, 642-643, 104 N.E. 598, 600, the court made the following statement:
"It is very earnestly argued by appellant that there would have been no eviction, no expense, and no trouble except for the fact that appellee instituted the suit to quiet title himself, thus apprising the Whitworth heirs of their interest in the land, and inviting the contest to determine the ownership of the one-third thereof; that, if appellee had remained silent, he might have retained possession for a period of 20 years, and thus have acquired title to the real estate, and been uninjured. We think this position is likewise untenable. The purchaser of real estate, in this day of activity in trade and frequent transfers of property, who discovers a defect in his title, upon his effort to make a desirable sale, cannot be obliged to remain silent for a period of 20 years, and perhaps sustain serious losses on account thereof; but he has the clear right to notify the grantor of the defect in the title, and, if the grantor refuses, as in this case, to assume the burden of curing the defect, then the grantee may go into court, have the title determined, and compel his grantor to respond in damages in such amount as may be shown he has sustained. Any other rule would impose a burden upon the purchaser of real estate to hold it for a period of 20 years before he might be able to enjoy the full benefits thereof."
The court further stated in that case that there is no distinction between the situation involved in the case which was presented to the court for decision and a situation in which the grantee purchases the outstanding hostile title. To the same effect, see Hubbard v. Stanaford, 30 Ky. Law Rep. 1044, 100 S.W. 232; Dalton v. Bowker, 8 Nev. 190; Pitkin v. Leavitt, 13 Vt. 379; 4 Tiffany, Real Property, Section 1014, page 160. It is well settled that a constructive eviction occurs when a grantee, instead of yielding possession to a hostile claimant, purchases such title, or takes a lease from the holder thereof. See 4 Tiffany, Real Property, Section 1013, page 157; Annot. 172 A.L.R. 18, 54-56.
Counsel for Taylor E. Hines, the appellee, contend that the notice to defend title was not adequate notice to Hines because it was served upon William W. Talbott, an attorney of record in the breach of warranty action, and that Talbott was not then an attorney of record for Hines in the action instituted by Brewster against Mary R. Holway and Edward J. Holway, Jr. We cannot agree with this contention of counsel for the appellee. R.C.P. 5(b) contains the following language: "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney of record the service shall be made upon the attorney unless service upon the party himself is ordered by the court." In R.C.P. 1, it is stated that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."
Because of the obligations and duties which are imposed upon an attorney by an attorney-client relationship, we are reluctant to assume that Attorney Talbott neglected *521 to apprise Hines, his client, of the contents of the notice which was served upon Talbott as attorney of record for Hines. The civil action instituted by Brewster against Mary R. Holway and Edward J. Holway, Jr., was directly related to the breach of warranty action. Both civil actions were pending simultaneously in the same court. Both actions involved the question of Hines' title to the real estate in question.
A portion of the language of 7 C. J.S. Attorney and Client § 69, pages 865-866, is as follows:
"Knowledge of, or notice to, the attorney for a litigant or party to a legal proceeding, of matters arising in the course of the litigation or proceeding, is ordinarily imputable to such litigant or party. The rule applies in a criminal as well as in a civil proceeding. This rule has been applied or recognized where the attorney had knowledge or notice as to the pendency of an action, orders of the court relating to the trial of the cause, the assignment or setting of a cause for trial, * * *." (Italics supplied.)
The following statement appears in 7 Am.Jur.2d, Attorneys at Law, Section 101, page 111: "It is held that notice given by an attorney is the act of the client, and that notice to an attorney is effective as notice to the client when the notice is received in the course of the transaction in which the attorney is acting." (Italics supplied.) See also Herrick v. Woodrow-Shindler Co., 75 Colo. 363, 226 P. 137.
In his amended complaint filed in the action for breach of warranty of title, Brewster makes the following allegation: "At the time of the execution and delivery of said deed by defendant, he did not have good, valid and marketable title to the tract of land purported to be conveyed thereby. In fact, title to said tract was at that time, and has been ever since, vested in Mary R. Holway and Edward J. Holway, Jr., all of which plaintiff will show by proper documentary evidence and testimony." In the light of authorities previously cited in this opinion, we are of the opinion that, by that language, the plaintiff has alleged a constructive eviction sufficient to support his action for breach of warranty of title, and that he should be permitted to prove the truth thereof upon a trial of the case.
The plaintiff alleges additionally in his amended complaint that the Circuit Court of Webster County, in entering summary judgment in favor of the Holway defendants, stated the following in its order: "* * * it is further ORDERED that the title to said real estate out of which this cause arises is in the defendants as against the plaintiff, James H. Brewster, Jr., and that the defendants have the lawful title to said real estate as against the plaintiff, James H. Brewster, Jr." We are of the opinion that, in the light of the authorities previously cited in this opinion, the amended complaint, by the language quoted immediately above, has alleged a constructive eviction sufficient to form a basis of recovery and that the plaintiff should be afforded an opportunity to prove the truth of these allegations in the breach of warranty action. In this connection we are mindful of a principle of law stated by this Court in the second point of the syllabus of Pickens v. Coal River Boom & Timber Company, 66 W.Va. 10, 65 S.E. 865: "Judicial notice will not be taken of a judgment in another suit as res judicata, whether in the same or another court, when not pleaded or given in evidence." To the same effect, see Flanagan v. Gregory and Poole, Inc., 136 W.Va. 554, 565, 67 S.E.2d 865, 872-873; Carper v. Montgomery Ward & Co., 123 W.Va. 177, pt. 1 syl., 13 S.E.2d 643; Wellman v. Hoge, 66 W. Va. 234, pt. 1 syl., 66 S.E. 357.
The Court has held that a party who moves for summary judgment has the *522 burden of showing that the case presents no genuine issue of material fact and that any doubt as to the existence of such an issue should be resolved against the movant for such judgment. Wheeling Kitchen Equipment Co. Inc. v. R & R Sewing Center, Inc., W.Va., 179 S.E.2d 587.
For reasons stated in this opinion, the judgment of the Circuit Court of Webster County is reversed and the case is remanded to that court for such further proceedings as may be proper and consistent with the decision of the Court as stated in this opinion.
Reversed and remanded.
HAYMOND, Judge (dissenting):
I dissent from the judgment of the majority of the Court in this action which erroneously holds that the allegations in the amended complaint of the plaintiff that in an action instituted by him to quiet title the Court had adjudged that two named individuals, who are not parties to the deed to the plaintiff, had lawful title to the real estate in question as against the plaintiff was a sufficient allegation that the plaintiff had been constructively evicted from the real estate conveyed to the plaintiff by the defendant Taylor E. Hines and his wife.
It is well established in this jurisdiction, and the majority correctly holds, that a covenant of general warranty of title is not broken until there is an ouster or eviction of the vendee from the property, or equivalent disturbance, by paramount title. Point 2, syllabus, McKinley Land Company v. Maynor, 76 W.Va. 156, 85 S.E. 79. See also Rex v. Creel, 22 W.Va. 373.
It clearly appears from the record that when the 145 acres of land involved in this case were conveyed to the plaintiff James H. Brewster, Jr., by the defendant Taylor E. Hines and Celia A. Hines, his wife, by deed dated July 15, 1960, no person was in actual possession and that the plaintiff entered into possession of the land under the deed, paid the purchase price of $8,000.00 and spent $2,390.10 in preparing to cut and sell the timber on the property. While the plaintiff was in possession of the land he learned that there was some question concerning the validity of his title to the land and, after having received a report of an examination of the title by an attorney employed by him for that purpose, that Mary R. Holway and Edward J. Holway, Jr., residents of the State of Ohio, were the holders of fee simple title to the land, the plaintiff voluntarily terminated his possession of it and, as it appears without dispute, the plaintiff has never been dispossessed of the land or any part of it and his possession has never been disturbed by any person.
As heretofore stated, a covenant of general warranty is not broken until there is an eviction, actual or constructive, or as long as the enjoyment of the property is not disturbed. In the McKinley Land Company case the opinion contains this language: "The mere existence of an outstanding paramount title will not authorize a recovery on the warranty. In substance and effect the covenant is a guaranty against an actual eviction, or a constructive eviction by possession of another under paramount title." The paramount title of the Holways to the land does not constitute an eviction, either actual or constructive, and does not justify a recovery on the warranty. Since the plaintiff ceased to possess the property there has been no actual possession of it by anyone.
The institution of an action by the plaintiff against the Holways, who hold the paramount title, to litigate the title to the land and the allegations in the answer of the Holways that they are the owners of an estate in fee simple absolute in the land, that the deed from Hines and his wife to the plaintiff constitutes a cloud on the title of the Holways, without any showing that they have disturbed or intended to disturb the possession of the plaintiff or to obtain possession of the land *523 clearly does not constitute, as the majority erroneously holds, a constructive eviction.
It is significant that the action to litigate the title was voluntarily instituted by the plaintiff and not by the Holways who, other than filing an answer containing the foregoing allegations, have done nothing to obtain possession of the land. Section 2, Article 4, Chapter 36, Code, 1931, provides that a covenant of general warranty by a grantor in a deed shall have the same effect as if the grantor had covenanted that he, his heirs, personal representatives and assigns, will forever warrant and defend the property unto the grantee, his heirs, personal representatives and assigns, against the claims and demands of all persons whomsoever. Until the plaintiff voluntarily instituted the action against the Holways, instead of the Holways instituting an action against the plaintiff to obtain possession of the land, the plaintiff has not been required to defend his title. Moreover, the allegation that the court had adjudicated in the action instituted by the plaintiff, that two named individuals, not parties to the deed, had lawful title to the real estate, simply alleges reaffirmance of the defective title or lack of title of the plaintiff to the real estate, which existed before the plaintiff instituted the action against the Holways. The adjudication effected no legal change with respect to the absence of any constructive eviction of the plaintiff.
5 M. J., Covenants, Section 31, states that "The mere existence of an outstanding paramount title will not authorize a recovery on a general warranty of title." 20 Am.Jur.2d, Covenants, Conditions, and Restrictions, Section 58, contains this language: "The mere existence of a paramount title which has never been asserted generally does not amount to a constructive eviction which will support an action for breach of a general covenant of warranty. Or, as the rule is sometimes stated, there can be no recovery in an action for breach of the covenant if the paramount title has not been hostilely asserted. The mere existence of the paramount title will not ordinarily justify an abandonment of the property by the covenantee and suit by him on his covenants." See also Annotation III a., 172 A.L.R., page 28.
In Shuford v. Phillips, 235 N.C. 387, 70 S.E.2d 193, the court said that the mere existence of a better title without possession and without ouster or disturbance of the possession of the plaintiff does not constitute a breach of warranty, but the breach arises upon ouster or disturbance of possession by virtue of a superior title outstanding at the time the covenant was made.
There was no ouster or disturbance of the possession of the plaintiff in this action at the time of the execution and delivery of the deed from the Hineses, and there has been no ouster or disturbance of the plaintiff at any time since the execution and delivery of the deed. If the plaintiff in the action instituted by him against the Holways, is required to defend his title against their claim, he has voluntarily brought that requirement upon himself and the plaintiff's invitation to the Holways to require him to defend does not constitute a constructive eviction which operates as a breach of the covenant of general warranty in his deed.
The labored efforts of the majority to establish, under the allegations and the facts disclosed by the record, a constructive eviction in the conceded absence of an actual eviction evidently gives recognition to the saying that "hard cases make bad law", as, in my opinion, does the decision of the majority in this case.
Though in my judgment the plaintiff, because he has not been evicted from the land, either actually or constructively, can not maintain this action for breach of the covenant of general warranty, is not without adequate relief. As the plaintiff did not receive a good title by the deed made to him by the Hineses, there appears *524 to be a total failure of consideration, and in that situation the plaintiff should have sought rescission of the deed and a recovery of the purchase price in an action for that purpose. In Echard v. Waggoner, 126 Va. 238, 101 S.E. 245, the court held that a deed for real estate would be rescinded in a suit in equity for failure of consideration. See also Tysor v. Adams, 116 Va. 239, 81 S.E. 76; Martin v. Hall, 115 Va. 358, 79 S.E. 320; Lowman v. Crawford, 99 Va. 688, 40 S.E. 17.
As there has been no eviction either actual or constructive of the plaintiff from the land in question or disturbance of his possession by a judicial determination or otherwise, I would affirm the judgment of the Circuit Court.