# Wytheville.

## SUSAN CHEEK v. W. R. MARSHALL.

### June 12, 1924.

1. RESCISSION, CANCELLATION AND REFORMATION—*Cancellation of Deed—Failure of Consideration—Burden of Proof—Case at Bar.*—In the instant case complainant asked for the cancellation of a deed which she and her husband had executed, alleging failure of consideration. The deed, subject to the life estate of the grantors, conveyed about forty acres of land for a nominal consideration and the agreement on the part of the defendant that he would furnish all the firewood that would be used by complainant and her husband during their lives, and also furnish them during their lives corn-feed for one cow each winter.

   *Held:* That if complainant, upon whom, of course, the burden of proof rested, had established the allegations of her bill by a fair preponderance of the evidence, she would have been entitled to have the deed cancelled.

2. RESCISSION, CANCELLATION AND REFORMATION—*Evidence Held not to Establish Failure of Consideration—Case at Bar.*—In the instant case complainant sought to have cancelled a deed from her and her husband to defendant in consideration of defendant furnishing them with firewood during their lives and corn-feed for one cow each winter. The grantors were quite old, and the grantee lived close to the premises involved. For about seven years the consideration was supplied, when complainant's husband died and she left the premises. Complainant had previously sold the cow, and had not since owned one. After leaving the premises she needed no firewood and made no demand therefor. Defendant construed the deed as only requiring him to furnish the firewood so long as she lived on the premises. Shortly before the institution of the instant suit, complainant returned to the premises and defendant offered to furnish the firewood, which she declined. Defendant also offered to commute the estimated value of the firewood during the period of her absence from the premises.

   *Held:* That defendant had substantially complied with the contract, and it would be inequitable to deny him the benefit thereof, and that a decree dismissing the bill was plainly right.

Appeal from a decree of the Circuit Court of Madison county.   Judgment for defendant.   Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Will A. Cook*, for the appellant.

*N. G. Payne*, for the appellee.

PRENTIS, J., delivered the opinion of the court.

[1]    The appellant, Susan Cheek, filed her bill against the appellee, Marshall, seeking the cancellation of a deed which she and her husband had executed several years before, alleging failure of consideration. The deed is dated March 16, 1912, and conveys, subject to the life estate of the grantors, about forty-six acres of land for the nominal consideration of five dollars and the agreement on the part of Marshall that he would "furnish all the firewood that will be used by the said Susan Cheek and Richard Cheek for and during their lives.   The said wood to be cut and hauled by the said Marshall."   He also agreed to "furnish the said parties of the first part for and during their lives all the corn-feed that will be necessary to feed one cow each winter."

If the complainant, upon whom, of course, the burden of proof rested, had established the allegations of her bill by a fair preponderance of the evidence, she would have been entitled to have the deed cancelled.   *Wampler* v. *Wampler*, 30 Gratt. (71 Va.) 454; *Lowman* v. *Crawford*, 99 Va. 688, 40 S. E. 17; *Martin* v. *Hall*, 115 Va. 358, 79 S. E. 320; *Echards* v. *Waggoner*, 126 Va. 238, 101 S. E. 245.

[2]    There were some conflicts in the testimony, but

fairly construed the record discloses these facts: That the grantors were quite old, and that the grantee, at the time of the conveyance, lived within sight, about 300 yards away, from the premises here involved. From the date of the deed in 1912 until July, 1919, the consideration was supplied. Richard Cheek, the husband of the appellant, died in the spring of 1919, and in July following she left the premises. She had previously sold her cow, and has not since owned one. She lived with some friends for two years or more, needed no firewood, and made no demand upon the appellee therefor. He construed the deed as only requiring him to furnish the firewood so long as she lived on the premises, and he did not feel obligated to do so after she left. She had a pension of $360.00 a year, which she applied to her support. Thereafter, and just before the institution of this suit, she returned to the premises and he then offered to furnish the firewood, which she declined. The appellee also offered to commute the estimated value of the firewood during the period of her absence from the premises.

These being the pertinent facts, we think that the decree of the trial court, dismissing the bill, is plainly right.

It is stated in one of the briefs that the appellant is now dead. The contract has been substantially complied with by the appellee, there has never been any refusal by him to perform it, and it would be inequitable to deny him the benefit of his contract. Such cases are an appeal to equitable considerations, and the case is controlled by the principles stated in *Keister* v. *Cubine*, 101 Va. 768, 45 S. E. 285, where the relief prayed for was denied in a case where the promisor had died before complete performance of her contract, and her infant children were incapable of performing

because of their infancy.    In that case the trial court
was directed, through the hands of a receiver, to take
charge of the property as a trust asset and to administer
it with due regard to the ultimate rights of the infants
as well as the paramount rights of the grantor to a
support.

Under the facts shown, it would be inequitable to
grant the relief prayed for.

*Affirmed.*