# Richmond

## Harold Donald Johnson v. Lonnie D. Kiser.

April 23, 1976.

Record No. 750809.

Present, I'Anson, C.J., Harrison, Cochran, Harman, Poff and Compton, JJ.

*G. G. Popp; Popp & Tiller*, for appellant.

No brief filed on behalf of appellee.

Case submitted on brief for appellant.

Per Curiam.

In this chancery suit for rescission of a deed, we consider whether the grantee breached a material covenant which formed the considera-

tion for the conveyance. The inquiry is whether the evidence on behalf of Harold Donald Johnson, the plaintiff below, was sufficient to establish that defendant Lonnie D. Kiser, the grantee, failed to support and maintain grantor Hallie L. Kiser, Johnson's aunt, after delivery of the deed.

From 1963 to April 1971, the Kisers lived together in a common law marriage in Statesville, North Carolina, having moved there from Dickenson County, Virginia. By deed dated in December 1970, and acknowledged and delivered January 20, 1971, Hallie conveyed a one-acre parcel of land in Dickenson County to Lonnie. The deed recited the following consideration:

> "That for and in consideration of the party of the second part [Lonnie D. Kiser] furnishing to the party of the first part [Hallie L. Kiser] all necessary food, clothing, fuel, doctors, and medical bills, together with the right to live upon the land during the party of the first part's life, the said party of the first part does hereby grant, sell and convey unto the party of the second part . . . [the property in question]."

The Kisers continued to cohabit in North Carolina after the deed was delivered until members of plaintiff's (and Hallie's) family brought her to Dickenson County in April 1971 to live. In May 1971 Hallie was committed to Southwestern State Hospital in Marion, where she died on January 19, 1972, at the age of about 74 years.

Johnson, the sole heir under Hallie's will executed in July 1969, filed this suit three days after Hallie's death seeking to have the conveyance declared void for lack of consideration as the result of Lonnie's alleged failure to support and maintain Hallie in accordance with the foregoing clause in the deed. The chancellor found the evidence, consisting of depositions and a stipulation, insufficient to sustain Johnson's claim and denied relief. We granted Johnson an appeal from the March 1975 final decree.

(1) A deed made in consideration of an agreement to furnish support and maintenance will be rescinded and cancelled by a court of equity where the breach of the covenant has been proved by a preponderance of the evidence and was without justification. *Strock* v. *MacNicholl*, 196 Va. 734, 745, 85 S.E.2d 263, 269 (1955). *See Echard* v. *Waggoner*, 126 Va. 238, 101 S.E. 245 (1919); *Blose* v. *Blose*, 118 Va. 16, 86 S.E. 911 (1915); *Pownal* v. *Taylor*, 37 Va. (10 Leigh) 172, 179-80 (1839).

(2) And, in reviewing the sufficiency of the evidence in a case like this, we follow the established rule that although the decree of a chancellor based upon depositions is not as conclusive as one based on evidence taken *ore tenus* it is presumed to be correct, even if the evidence is in sharp conflict; the burden is on him who seeks to overturn the decree to show that it is manifestly wrong, and such decree will not be reversed if it is reasonably supported by substantial, competent, and credible evidence. *Martin* v. *Martin,* 202 Va. 769, 773, 120 S.E.2d 471, 474 (1961). We find such support for this decree in the record, and we affirm.

(3) From the time the deed was delivered until April 1971, the defendant provided all the support and maintenance for Hallie, which included paying for her food, shelter and clothing. Then her health worsened and Lonnie wished to have her hospitalized in North Carolina at his expense, but her Virginia relatives, including the plaintiff's aunt, objected and removed her from Statesville, against Lonnie's will, bringing her to Virginia where she was committed after being adjudged legally incompetent. The plaintiff's sister was appointed Hallie's "guardian."

Subsequent to Hallie's removal from North Carolina, the defendant made no payments for her food, clothing, fuel, doctors or other medical bills. The clear inference from Lonnie's testimony, however, is that his failure to comply further with the agreement resulted from the conduct of the relatives in bringing her to Virginia against his wishes. The defendant indicated these relatives became eager to remove Hallie from his care as soon as the deed was delivered. He testified that they "all kept coming back [to North Carolina] and begging her and jerkins her and tried to slip her off after the papers were signed." The evidence sustains the additional inference that had Hallie remained in North Carolina under Lonnie's care, he would have continued to support and maintain her.

Consequently, we think there was competent evidence from which the trial court could properly conclude that it was inequitable to order rescission. The defendant had substantially complied with his agreement. *Cheek* v. *Marshall,* 138 Va. 643, 645, 123 S.E. 335 (1924). And, his performance would have been complete but for the activity of the plaintiff's family. *Cf. Lowman* v. *Crawford,* 99 Va. 688, 693-94, 40 S.E. 17, 18-19 (1901).

*Affirmed.*