# CHARLESTON

## McKINLEY LAND COMPANY v. MAYNOR.

### Submitted March 16, 1915.   Decided April 6, 1915.

1. VENDOR AND PURCHASER—*Purchase-Money Notes—Defense—Incomplete Title.*

   Recovery on a note given as consideration in a sale to which only the ordinary general covenants of title apply, can not be defeated merely on the ground that the vendor did not have complete title, when the property sold has been delivered to the vendee as contemplated and his possession thereof under the sale has in no wise been disturbed. (p. 158).

2. COVENANTS—*General Warranty—Breach.*

   A covenant of general warranty of title is not broken until there is an ouster or eviction of the vendee from the property, or equivalent disturbance, by paramount title. (p. 159).

3. TRIAL—*Direction of Verdict—Evidence.*

   A trial court, if requested, may direct a verdict for the party who

has adduced evidence sufficient to warrant a verdict in his favor, when no evidence appreciably tending to overthrow the case so made has been adduced by the opposite party. (p. 160).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Raleigh County.

Action by the McKinley Land Company against J. H. Maynor. Judgment for plaintiff, and defendant brings error.

<em>Affirmed.</em>

*J. E. Summerfield* and *McGinnis & Hatcher,* for plaintiff in error.

*T. K. Laing* and *File & File,* for defendant in error.

ROBINSON, PRESIDENT:

McKinley Land Company, owning a certain tract of land, sold and conveyed to Maynor all the merchantable timber thereon which would measure twelve inches or more ''two feet from the ground outside the bark'', with the right to enter and remove the same from the land within two years. The consideration was two thousand dollars. Maynor paid five hundred dollars in cash, and executed to the land company his three several negotiable notes of five hundred dollars each, payable in six, nine, and twelve months respectively. He made default in the note payable in twelve months. By this action in assumpsit for recovery on the note, the land company has judgment against him for the amount thereof, with interest.

The case was tried before a jury on the general issue. When all the evidence of both parties was in, the court directed the jury to find for the plaintiff. That such course was warranted, plainly appears.

The land company introduced the note and proved that it had not been paid. Maynor put in evidence the writings witnessing the sale of the timber to him. By them it was agreed that if the land company could not deliver to him the timber under eighteen inches, the note payable in twelve months—the one sued on—should be cancelled. The gist of Maynor's defense was that a coal company holding a mining lease which covered the particular tract among others, had

right under the lease to take all such of the timber under eighteen inches as might be necessary for the mining operation.

The mere fact that the land company did not have complete title is not a sufficient defense to a recovery on the note under the facts and circumstances appearing in evidence. When Maynor purchased, he knew that the mining lease covered the small timber. Yet there were circumstances of a claimed forfeiture of the lease and impending bankruptcy of the mining company, which we need not here detail, that evidently made the parties believe the lease would be no interference with his taking all the timber embraced in the contract. The land company stipulated that the note should be canceled "in the event we cannot deliver timber under eighteen inches." In other words, Maynor agreed to pay $500.00 for this small timber in case it was delivered to him. Delivered to him how? Certainly just as the contract contemplated that all the property embraced in it should be delivered to him—by his being put in possession of the land and allowed to cut the timber therefrom within two years. The contract provided for no other delivery by the land company to Maynor. The timber was sold outright to him for the consideration named, but his right to take it off was limited to two years. If he so took it, or could have taken it, that was the delivery contemplated by the agreement. Then, was the small timber delivered to Maynor? Did he take it, or could he have taken it under the purchase? If so, he owes the amount of the note given as a consideration for the title and right purchased, otherwise he does not owe it.

Maynor went on the land and operated under the contract for the time limit in cutting and removing the timber. There is not a word of evidence to show that his right to any of the timber was questioned by the mining lessee or by any one else. Nor is there a word to show that he was prevented from exercising the right to take the small timber which he had purchased, or that he was even threatened with disturbance if he undertook to exercise dominion over the same. On the other hand, the evidence is indeed uncontroverted that Maynor cut and removed at least a portion of the timber under eighteen inches. If he did not cut and remove all the timber of

that size, as far as the evidence discloses there was nothing to prevent him from so doing. That which he purchased in the way of small timber was at his hand to take—was delivered to him. If he did not take it at all, but allowed his right to expire without taking it, the fault is his own. The evidence establishes that nothing prevented his taking everything that the land company contracted he should have. It establishes that there was no failure in the delivery of the small timber to him, such of the same as he saw fit to take within the time limit. The contingency upon which the note was to be canceled did not happen.

Counsel for both parties in argument consider the contract in regard to the cancellation of the note as constituting a virtual warranty of title as to the small timber. Let us take it so. Maynor was not ousted—not even threatened with ouster. If the mining lessee had undertaken to evict Maynor, it may be that the land company could have successfully defended the title it had transferred to him. If the lease was forfeited as the land company claimed, it could have done so. But we need not deal with such contingencies. Maynor went into possession of all the timber, cut and removed what he wanted, including at the least a part of the timber under eighteen inches, and never was disturbed in any way from cutting and removing any or all of it. He can claim no recovery for a breach of warranty of title, for he has not shown an ouster or eviction from the property purchased by reason of any superior title. No one was in possession of this small timber under a paramount title. The mining leasse had no such possession of the same, even if it held paramount title. While such possession would in itself be an ouster or eviction, we do not have it in this case. We do, however, have possession of the small timber by Maynor with not even a sign of his being disturbed therein. If he had been compelled to surrender to the mining lessee, the case would be different. He was not so compelled, nor did he even voluntarily surrender out of consideration of a paramount title. Instead of so surrendering, he cut such of the timber under eighteen inches as he saw fit to do.

A covenant of general warranty of title is merely a covenant to warrant and defend the title against the claims of all

persons whatsoever. It is not broken until there is an eviction of the vendee from the property, or equivalent disturbance, by title paramount. *Harr* v. *Shaffer*, 52 W. Va. 207; *Rex* v. *Creel*, 22 W. Va. 372; 11 Cyc. 1125. The mere existence of an outstanding paramount title will not authorize a recovery on the warranty. In substance and effect the covenant is a guaranty against an actual eviction, or a constructive eviction by possession of another under paramount title. Hence it is not broken until there is an eviction actual or constructive. It is not broken as long as the enjoyment of the property is not disturbed. It is not broken as long as there is no necessity that the title of the vendee be defended. Maupin on Marketable Title, secs. 142, 144, 146, 177.

It would seem by the better reason and authority that these principles are applicable to all sales of property under warranty of title, whether real or personal. Williston on Sales, sec. 221. The obligation of the vendor is virtually that the vendee shall have the quiet enjoyment of what he has purchased, Rawle on Covenants for Title, secs. 112, 114. The vendor is not bound by the warranty to transfer a good title to the vendee. But the vendor by the personal covenant is bound to make good any loss that may spring from his having transferred a bad title.

Maynor obtained all that he purchased. He obtained that for which he gave the note as a consideration, the undisturbed right to take the small timber under his purchase. The note was given for "value received"; the *value* for which he gave it was *received* by him. There has been no breach by the land company of an obligation to deliver the small timber to Maynor in the way contemplated by the sale. He has no case against a recovery on the note. Indeed before the institution of the action, he so recognized the matter in a letter which he wrote to a representative of the land company. It is plain that his defense is totally without merit.

The court properly directed a verdict for the plaintiff. The case is not one in which a verdict for the defendant would be at all warranted. A trial court, if requested, may direct a verdict for the party who has adduced evidence sufficient to warrant a verdict in his favor, when no evidence appreciably tending to overthrow the case so made has been adduced by the

opposite party. *La Rue* v. *Lee*, 63 W. Va. 388; *Butcher* v. *Sommerville*, 67 W. Va. 261.

The assignment as to error in admitting evidence for the plaintiff and in excluding evidence offered by the defendant, is based on no bill of exceptions or ground for new trial saving error in these particulars. But we may say that if the evidence for the plaintiff to which the defendant objected on the stenographer's transcript had been excluded, and the evidence which the defendant was not allowed to introduce had gone in, there would have been nothing controlling toward a different decision than that we announce. The judgment will be affirmed.

*Affirmed.*