## CHARLESTON.

A. G. RUTHERFORD v. THE PROVIDENT LIFE AND TRUST CO. *et als*.

Submitted April 27, 1920.   Decided May 11, 1920.

1. INTEREST—*Purchaser Cannot Stop Interest on Unpaid Purchase Money Pending Litigation Over Title by Setting Apart a Sufficient Fund and Notifying Vendor.*

   A vendee in possession under a deed, with covenants of general warranty of title, from a perfectly solvent vendor, cannot avoid the payment of interest on the unpaid purchase money, pending litigation over the title, which terminated favorably thereto, by setting apart a sufficient fund to pay the amount of purchase money and interest then due and notifying the vendor thereof. (p. 494).

2. SAME—*Purchaser Cannot Avoid Interest on Unpaid Purchase Money Pending Litigation Establishing a Good Title.*

In such case, it would be unfair and unjust to the vendor to deny to him the full fruits of his sale, and permit the vendee to enjoy the full benefits of his purchase by receiving the rents, isues and profits of the land. (p. 494).

(LYNCH, JUDGE, absent).

Error to Circuit Court, Mingo County.

Action of assumpsit by A. G. Rutherford against the Provident Life & Trust Company and Edward R. Wood, Jr., as executors and trustees under the will of Stuart Wood, deceased. Judgment for defendants, and plaintiff brings error.

*Reversed and judgment rendered here.*

*Goodykoontz, Scherr & Slaven,* for plaintiff in error.
*S. D. Stokes,* for defendants in error.

WILLIAMS, PRESIDENT:

Plaintiff prosecutes this writ of error to a judgment for defendant, rendered in an action of assumpsit brought against the Provident Life and Trust Co. of Philadelphia, a corporation, and Edward R. Wood, Jr., as executors and trustees, under the last will and testament of Stuart Wood, deceased, to recover the sum of $348.33, and interest thereon, the sum claimed representing interest at the rate of six per cent, on a deferred purchase money note for the sum of $3,666.66, interest bearing, from October 9, 1915, to May 7, 1917.

In 1889 Lewis Rutherford conveyed to Stuart Wood the coal and other minerals underlying a tract of land in Mingo County, together with certain timber rights, mining rights and privileges. Said Lewis Rutherford died in November 1910, seized of the surface of said tract, leaving a last will naming two of his sons: Lawrence Rutherford and the plaintiff, A. G. Rutherford, as executors with power to sell the surface lands. Plaintiff did not qualify as executor but Lawrence Rutherford did qualify and act as such, and, by deed dated May 9, 1911, conveyed as executor, to A. G. Rutherford, plaintiff, 194.48 acres of said tract, subject to the mineral deed above mentioned. In September 1913, Stuart Wood leased, for a period of 30 years, to H. A.

Evanson and E. O'Toole the minerals together with the mining
rights and privileges conveyed to said Stuart Wood by Lewis
Rutherford. Evanson and O'Toole claimed that the deed from
Lewis Rutherford to Stuart Wood did not give ample surface
rights for mining purposes and consequently Stuart Wood pur-
chased all of the said surface of which Lewis Rutherford died
seized. By deed dated October 17, 1913, plaintiff, his wife join-
ing therein, conveyed to Stuart Wood, with general warranty,
the 194.48 acres of said surface, previously conveyed to him by
Lawrence Rutherford in his own right and as executor and
plaintiff, A. G. Rutherford, conveyed to Wood the remainder of
said surface. The latter deed called for special warranty as to
Lawrence Rutherford, but a covenant of general warranty as to
plaintiff. Subsequently, Stuart Wood paid all the consideration
called for by said two deeds, except a note for the sum of
$3666.66 signed by Wood, dated October 17, 1913, payable to the
order of plaintiff in two years after its date, with interest, this
amount representing the last deferred purchase money note for
the 194.48 acres purchased from plaintiff. Stuart Wood died in
April, 1914, leaving a will, by which he devised the aforesaid
lands in trust to the defendants and named them executors of
his estate. Stuart Wood has had possession of said lands, con-
tinuously and uninterruptedly since October 17, 1913, by his
lessees, who have paid to him and his executors all the rents
and royalties accruing under the leases. Some months prior to
the time the said note became due, certain heirs-at-law of Lewis
Rutherford brought suit against Lawrence Rutherford, executor,
A. G. Rutherford, the plaintiff in this action, and the executors
and trustees of Stuart Wood et als., to vacate and set aside, on
the ground of fraud, the deed from Lawrence Rutherford, exec-
utor, to plaintiff, and the two aforesaid deeds to Stuart Wood
for the surface lands, the said heirs alleging that said deeds
were made in fraud of their rights as heirs of Lewis Rutherford.
On October 9, 1915, defendants notified plaintiff that, on account
of said litigation, it would be inadvisable to pay the note be
coming due on October 17, 1915, and that they would withhold
payment thereof, until such litigation was finally determined.
Plaintiff's counsel thereupon notified them that his client was

perfectly solvent and demanded payment. On the 24th of November the executors of Wood set aside the sum of $4,106.66 to meet the note of $3666.66, with interest to October 17, 1915, by a deposit account in the Provident Life and Trust Co., a banking institution, and one of the defendants, in the City of Philadelphia, and styled the account: "The Provident Life and Trust Company and Edward R. Wood, Jr., Executors of the estate of Stuart Wood, deceased, for payment of the A. G. Rutherford note," and immediately notified plaintiff thereof. The litigation was ended December 9, 1916 by a final decree upholding the said deeds and dismissing plaintiff's bill, no appeal being taken from said decree. Defendants still contended that they were not liable for interest on said note from and after October 9, 1915, the date defendants notified plaintiff they would not pay the note pending the litigation. On May 7, 1917, defendants paid the amount of the note with interest thereon to October 9, 1915, upon an agreement then made that such payment should not prejudice plaintiff's right to enforce collection of interest due on the note from and after October 9, 1915. Thereupon plaintiff brought this action, and on March 4, 1919, upon an agreed statement of facts and certain documentary evidence, the case was submitted to the court in lieu of a jury and the judgment complained of rendered.

Defendants had a deed from plaintiff with covenants of general warranty of title, and were enjoying the fruits of uninterrupted possession of the land. Plaintiff was perfectly solvent, and the pendency of the litigation did not justify them in withholding from him the balance of the purchase money. His covenant of warranty, made good by his solvency, was sufficient protection to the vendee. The vendee was enjoying the fruits of his purchase and there is no good reason in this case for denying to the vendor equal right to have and enjoy the fruits of his sale. *McKinley Land Co.* v. *Maynor,* 76 W. Va. 156. Courts of equity will, and sometimes do, enjoin the collection of purchase money when it is necessary to do so for the protection of the vendee, but it does not thereby follow that the vendee should be relieved from the payment of interest on the purchase money, when he is enjoying the uninterrupted possession. It was held

in *Selden* v. *James, executor, etc.,* 6 ˙Rand. 465, that a vendee of land in possession, holding title from his vendor was not excused from paying interest on the purchase money, payment of which was delayed for years by the pendency of a suit over the title, the vendee continuing all the time in the possession. Here the vendor was not in default. He had executed to defendant a deed with covenants of general warranty and placed him in possession. The contract on his part was fully executed. He did not guarantee that the vendee would not be sued, and it is the duty to a vendee to make defense to a suit brought against land conveyed to him by his vendor, and, if he is successful in such suit, he has no right of action against his vendor to recover the expenses thereby incurred. In *Steenrod* v. *R. R. Co.,* 27 W. Va. 1, cited and relied on by counsel for the respective parties, as authority to support their several contentions, no deed had 'been made, and in such case there is no doubt of the right of a purchaser to avoid the payment of interest by setting apart the unpaid purchase money and giving notice thereof, for the reason that the contract is still executory. But where the vendor has fully executed the contract on his part by making a deed and placing the purchaser 'in possession, this rule does not apply. In such case, if the vendee elects to withhold the purchase money for his protection pending litigation over the title, and the litigation is subsequently determined favorable to the vendee, he must account to the vendor for the purchase money with interest. This rule was applied in *Cresap* v. *Brown et als.,* 82 W. Va. 467, wherein it was held that a judgment debtor, who desired to further contest the judgment by appellate proceedings, should not be allowed to pay the amount of the judgment to the general receiver of the court, and thereby escape payment of interest.

Upon examination of the authorities we find that the rule contended for by counsel for the defendants applies only in cases where no deed has been executed by the vendor, or where some independent equity exists rendering necessary the vendee's protection. It would certainly be very unfair to allow the vendee to enjoy the possession under a deed from his vendor and take the rents and profits of the land, and deny the vendor the fruits of his sale. We do not see that it makes any difference whether

the vendee withholds the money in his own hands or sets it aside in the hands of some one else who does not use it for the vendee's benefit.    Here it appears that the fund was set apart in the hands of one of the defendants, which is a banking institution.

$348.33 of interest was due on the 7th day of May, 1917, at which time defendants paid the note and interest thereon to October 9, 1915, and the foregoing sum represents the interest accruing on the note between October 9, 1915 and May 7, 1917. This sum was then a debt due, and should bear interest, making the amount the plaintiff was entitled to judgment for $389.40. We therefore set aside the finding and reverse the judgment, and render judgment here for $389.40 with interest thereon from the 21st of July, 1919, until paid, that being the day on which the lower court should have rendered judgment for the plaintiff for that sum.

*Reversed and judgment rendered here.*