WILLIE MAE LIGHTBURN, Plaintiff, v. DELAWARE POWER & LIGHT COMPANY, a Delaware corporation, EDWARD F. LA FOND, DELAWARE COACH COMPANY, a Delaware corporation, EDWARD GAGNON, BELL TELEPHONE COMPANY OF PENNSYLVANIA, a Pennsylvania corporation, and HAROLD B. SHORT, Defendants.

(*December* 22, 1960.)

STIFTEL, J., sitting.

*Henry A. Wise* (of Wise and Suddard) for plaintiff.

*Louis J. Finger* (of Richards, Layton and Finger) for Delaware Power & Light Company, Delaware Coach Company, Edward Gagnon and Edward F. La Fond, Defendants.

*C. W. Berl* (of Berl, Potter and Anderson) for Bell Telephone Company of Pennsylvania and Harold B. Short, defendants.

Superior Court for New Castle County, No. 812, Civil Action, 1958.

STIFTEL, J.:

Plaintiff claims she was injured by reason of the negligence of drivers of vehicles of three corporate defendants while she was a passenger on a bus owned by defendant Delaware Coach Company, one of three vehicles involved in an intersection collision. The Delaware Coach Company (Coach), the Delaware Power & Light Company (Power), and their drivers, moved for summary judgment against plaintiff and against the defendant-cross-claimants, Bell Telephone Company of Pennsylvania (Bell) and its driver, Harold B. Short, on the ground that the undisputed facts show that the only negligence involved, if any, was that of Short, Bell's driver. The plaintiff moved for partial summary judgment against Bell and its driver claiming they were negligent and liable on the record as a matter of law. The facts on which these motions are based follow.

On July 23, 1957, a bus owned by defendant Coach and being operated by its driver, defendant Edward Gagnon, was traveling east on Thirteenth Street in the City of Wilmington, and at the same time an automobile owned by defendant Power, and operated by its employee, defendant Edward F. La Fond, was traveling north on West Street toward the uncontrolled intersection where West Street intersects Thirteenth Street. Each driver saw the other approaching the intersection and each driver applied his brakes and brought his vehicle to a full stop. The bus, which was located to the left of the Power vehicle, proceeded to move into the intersection, and when it was approximately one-third through the intersection, it was struck on its right side, near its front door,

by the Power vehicle, which itself had been involuntarily propelled into the intersection by a vehicle operated by defendant Harold B. Short, an employee of defendant Bell, when it ran into the rear of the Power vehicle, which had been completely stopped. As a result of the collision, a passenger on the bus was allegedly injured.

At the time of the multiple accident, the streets were wet and there was some light rain. The Bell driver was traveling north on a downgrade on West Street, in back of the Power vehicle, in an area unfamiliar to him, at a speed between ten and fifteen miles per hour. The Bell driver's deposition indicates that he first saw the Power vehicle approximately forty to fifty feet "before the impact" and that after the Power vehicle came to a complete stop, the Bell vehicle was twenty to thirty feet to the rear of the Power vehicle. The Bell driver did not observe any signal given by the Power vehicle that it was going to stop but he knew there was an intersection ahead and realized the possibility that the car ahead of him would stop. Short, the Bell driver, further explained that he did not observe the type of stop the Power vehicle had made, but he stated that there was a sufficient distance between his car and the one ahead of him to allow a normal stop. He claims that the wet street condition was responsible for his inability to properly control his vehicle, in that when he applied his brakes, they tended to lock on a very slippery wet street, which caused his car "to go faster rather than slow up". There were cars parked on both sides of West Street, and Short was never aware of the presence of the bus until the time of impact.

Plaintiff failed to argue her motion against Bell and its driver on the question of liability and indicated at oral argument that she was satisfied to abandon it.

Plaintiff also conceded at oral argument that summary judgment should be entered against her by the Delaware Power & Light Company and its driver since she could not

see how its driver was in any way negligent. The Bell Company, however, seeks to keep the Power Company and its driver in the case for purposes of contribution. Bell claims that the conduct of Power's driver, La Fond, raises an issue of fact on the question of negligence in that "possibly [he] should have been able to control his vehicle after it had been struck in the rear, so as to avoid colliding with the trolley", and "the mere fact that he [Power's driver] was properly stopped at the intersection and was struck in the rear and driven into the intersection, does not relieve him of the duty of maintaining proper control of his vehicle (to whatever extent possible) and of sounding an audible warning." Bell and its driver then say that "the record is entirely bare of facts concerning these matters".

Generally, issues of negligence are ordinarily not susceptible of summary adjudication. But when the moving party clearly establishes that there is no genuine issue of material fact, such judgment may be rendered. 6 *Moore, Federal Practice*, paragraph 56.17 [42] (2d Ed. 1953). This record contains no facts which demonstrate that the Power driver was in any way negligent. His car was struck in the rear and propelled forward. There is no evidence in the record to demonstrate that he could have done anything to prevent the accident. Belle and its driver, for the purpose of Power's motion, take on the role of plaintiffs. They cannot question the completeness of the summary judgment record by pointing to the absence of facts which their evidence before a jury might have shown, when they have made no attempt to present such evidence on this record. *Berry v. Atlantic Coast Line R. Co.*, 4 *Cir.*, 273 *F.* 2d 572; *Morris v. Prefabrication Engineering Co.*, 5 *Cir.*, 181 *F.* 2d 23; *William J. Kelly Co. v. R. F. C.*, 1 *Cir.*, 172 *F.* 2d 865. Bell's argument that the record is entirely bare of facts concerning the maintaining of proper control by the Power driver is not adequate to resist the motion since Bell and its driver's case must be judged solely on the record they have made. *Sparks Co. v. Huber Baking Co.*,

9 *Terry* 9, 96 *A.* 2d 456; *Colish v. Brandywine Raceway Ass'n,* 10 *Terry* 493, 119 *A.* 2d 887; *Hart v. Miller,* 10 *Terry* 477, 119 *A.* 2d 751; *Woodcock v. Udell,* 9 *Terry* 69, 97 *A.* 2d 878. In *Bruce Const. Corp. v. United States,* 5 *Cir.,* 242 *F.* 2d 873, 875, the Court said:

"Consequently, when a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence."
Further, in *Zoby v. American Fidelity Co., 4 Cir.,* 242 *F.* 2d 76, 80, the Court said:

"It is well settled, however, that to resist a motion for summary judgment, the party against whom it is sought must present some evidence to indicate that the facts are in dispute, where the moving party's evidence has shown otherwise; * * * His bare contention that the issue is disputable will not suffice."

I find no evidence in the record that any genuine issue remains for trial as to the negligence of the Power driver and, therefore, grant summary judgment in favor of the Delaware Power & Light Company and its driver, Edward V. La Fond.

I now consider the Coach Company and its driver's motion for summary judgment.

Plaintiff, defendant Bell and its driver argue that there is an issue of fact as to the negligence of Coach's driver. Plaintiff believes that since the Power vehicle was entering the intersection from the right of the bus, the bus should have yielded the right of way to the Power car. She argues further that the failure of the bus to yield the right of way and the failure of the driver of the Power vehicle to exert his right of way created the necessity for a rapid stop by the Bell vehicle which struck the Power car.

There is no evidence in the record which indicates that the Power driver was attempting to assert his right of way as against the Coach Company. In fact, the converse is true. The Power vehicle had stopped, and the record indicates that the driver had no intention of exercising his prerogative. He was forced into the intersection by the Bell vehicle, not by his attempt to assert his right, but against his will. The Power vehicle had the right to yield his right of way to the Coach vehicle, and Coach's bus was not bound to anticipate that the Bell automobile would skid into the Power automobile and drive it into the bus.

The Bell Company argues that "there is no indication in the record that the Coach driver was unable to stop the trolley so as to avoid a collision," and further that there is nothing in the record to indicate that "it was necessary to bring the trolley to a sudden stop." Then Bell argues that these questions of fact must be fully developed before summary judgment can be granted in favor of the Coach Company and its driver.

Again, Bell and its driver take on the role of plaintiffs for the purpose of resisting the summary judgment motion of Coach. They must show now, by counter-affidavits or other evidence, that there will be a genuine issue on the question of negligence to submit to the jury. *Sparks Co. v. Huber Baking Co., supra; Colish v. Brandywine Raceway Ass'n, supra; Hart v. Miller, supra; Woodcock v. Udell, supra.*

■■ There is no evidence in the record to show that the Coach driver was negligent in any way. Bell and its driver cannot rely on the possibility, or on hope or speculation, that evidence to support their position may develop at the trial. They must now come forward with any evidence that will show that the bus driver could have stopped the bus to avoid the collision or that it was unnecessary for the bus to stop suddenly. They have failed to produce any evi-

dence in support of their position, and they have not brought themselves within the provisions of Rule 56(f), *Del. C. Ann.*

On the record as made, even granting to plaintiff and defendants, Bell and its driver, Harold B. Short, every favorable intendment to which they might be entitled in the consideration of a motion for summary judgment, plaintiff and defendants Bell and its driver have failed to demonstrate any issue of negligence as to the Delaware Coach Company driver. I, therefore, grant summary judgment in favor of the Delaware Coach Company and its driver.

Submit order on notice.