**Richard J. McGAHEY and Barbara McGahey, Plaintiffs,**

v.

**Gerald George SWINEHART and Mandata Poultry Company, a corporation Incorporated under the laws of the State of Pennsylvania, Defendants.**

Superior Court of Delaware,
Kent.

May 28, 1970.

**470**

———◆———

John J. Schmittinger, Schmittinger & Rodriguez, Dover, for plaintiffs.

F. Alton Tybout, Morton Richard Kimmel, Wilmington, for defendants.

OPINION

O'HORA, Judge.

This is an action in negligence growing out of an automobile collision which occurred on May 17, 1967, at the intersection of Routes 13, the favored roadway, and 113A near Dover, Delaware. Based upon the answers to interrogatories and depositions previously taken, the defendants have moved, pursuant to Rule 56, for summary judgment.

The accident in question occurred at approximately two o'clock in the morning. The defendant, Gerald George Swinehart, was driving a tractor-trailer loaded with

live chickens destined for delivery in Pennsylvania. The truck was travelling northward at 35 to 45 miles per hour in a 55 miles per hour zone on Route 13, a major, four lane roadway. The plaintiff, Richard J. McGahey, was returning home from a steak dinner party, driving his 1960 four door Rambler at 40 miles per hour in an easterly direction on Route 113A, a two lane roadway. The intersection where the collision occurred was controlled by a flashing signal, blinking amber for vehicles operating on Route 13 and red for vehicles approaching the intersection on Route 113A. The two roads intersect on a curve of less than 90°, with vision between the two vehicles limited by the curve and partially obstructed by a service station.

The plaintiff does not remember how the accident happened. He recalls approaching the intersection and has a vague recollection of bright lights. He was familiar with the flashing red light at the intersection but has no specific recollection of seeing the blinker light that night or of stopping. He remembers awakening in the hospital but does not remember talking to a police officer at the scene of the accident shortly after it occurred.

The defendant saw the plaintiff's vehicle when it was approximately 30 feet from the point of impact, and some 80 feet away from his truck. He did not have time to apply the truck brakes prior to the collision and neither vehicle left any skid marks upon the pavement which would indicate braking before impact.

An investigating police officer who arrived at the scene shortly after the collision occurred, testified on deposition that the plaintiff was completely conscious at that time.

"I asked him what happened, and he stated that he remembers seeing the flashing red light and it was too late to stop when he saw this light was flashing red, and the next thing he knew he was lying on his back in the grass. By this

time we had covered him up with a blanket. He stated to me at the time, 'The fault of the accident is mine. I didn't see the flashing red light in time to stop.' "

The officer further testified that the physical evidence apparent at the scene indicated that the truck was travelling in the left operating lane of Route 13 at 50 miles per hour and the automobile was doing 40 miles per hour in the left operating lane of Route 113A at the moment of impact. It is the defendant's recollection that he approached the intersection in the right operating lane but may have swerved to the left lane in an effort to avoid the collision.

The major issues for determination on defendant's motion for summary judgment are whether or not the undisputed facts support a finding that plaintiff was contributorily negligent as a matter of law and whether or not defendant had an opportunity to avoid the collision.

■ In general, negligence issues are not susceptible of summary adjudication unless the moving party clearly establishes that there is no genuine issue of material fact in dispute. Lightburn v. Delaware Power & Light Co., 53 Del. 186, 167 A.2d 64 (Del.Super.1960); 6 Moore, Federal Practice, paragraph 56.17[42] (2d Ed. 1953). The test for determining if summary procedure is applicable to a given fact situation, including negligence actions, was set forth in Davis v. University of Delaware, 240 A.2d 583 (Del.Supr.1968).

"The disposition of litigation by motion for summary judgment should, when possible, be encouraged for it should result in a prompt, expeditious and economical ending of lawsuits. When, however, a defendant moves for summary judgment against a plaintiff, the burden is cast upon him to demonstrate to a reasonable certitude that there is no issue of fact which, if resolved in favor of the plaintiff, would hold the defendant liable."

■ Whether or not summary judgment is appropriate to the present factual situation is a very close question, complicated by the amnesia of the plaintiff, which cloaks him with a presumption that he exercised due care for his own safety. McKeough v. Witman, 50 Del. 230, 127 A.2d 234 (Del.Super.1963). This presumption of care is destroyed, however, when it is unsupported by any evidence and, in fact, all other evidence indicates that the amnesia victim acted without regard for his own safety and well-being. Automobile Law & Practice, Blashfield 11, Sec. 417.2, p. 146.

■ It is the Court's opinion that the uncontroverted evidence in this record supports a finding that the plaintiff was contributorily negligent as a matter of law. No one saw him stop at the light. He does not remember doing so. When plaintiff entered the intersection he was travelling at 40 miles per hour. He was in the left lane of travel when struck by the truck. Immediately following the accident he admitted his own fault. This constitutes substantial evidence to rebut the presumption that plaintiff exercised due care for his own safety. There is no material dispute of fact which if resolved in favor of plaintiff would hold the defendant liable. It is the opinion of the Court that the only reasonable inference to be drawn from these facts is that plaintiff was contributorily negligent as a matter of law.

With the contributory negligence of plaintiff established the next issue for determination is whether or not there is sufficient evidence from which the trier of fact could conclude that the defendant, faced with imminent peril on the highway, might have acted in such a way so as to avoid the accident.

It is uncontroverted that the defendant was confronted with a sudden emergency not of his own making. The Court is unable to see any substantial factual dispute the resolution of which could lead the trier of fact to reasonably infer that the defend-

ant had the "last clear chance" to avoid the accident, as that doctrine has been defined in this jurisdiction. In Tompkins v. Baltimore & Ohio Railroad Co., 46 Del. 156, 81 A.2d 288 (Del.Super.1951), plaintiff's automobile was struck by defendant's train and plaintiff conceded his own negligence. The doctrine of last clear chance was held inapplicable.

"The last clear chance doctrine is available to a negligent plaintiff only when it is apparent that the negligences of the parties are not concurrent but are successive, separated by an appreciable interval of time, and that the injury was caused proximately by the negligence of the defendant while the negligence of the plaintiff was only remotely connected with the harm * * *

This case meets none of the conditions required for the application of the last clear chance doctrine in this jurisdiction. The plaintiff's negligence was not merely a remote cause of the accident. The active negligence of the plaintiff, as he drove his vehicle toward and into a position of peril in violation of his duty to keep a lookout, continued without interruption down to the instant of the impact, or just a moment prior thereto, as an efficient and substantial factor directly contributing to the injury. To hold that the plaintiff's negligence here was only a remote cause of the injury, thus casting upon the defendant the sole responsibility for the result, would be to ignore the fundamental principle of contributory negligence.

The plaintiff's negligence was not insulated or detached by any later negligence of the defendant which became the supervening active cause. The plaintiff's opportunity to avoid the accident continued at least as long as the defendant's. Considering the maneuverability of the respective vehicles, it may be fairly said that the plaintiff, and not the defendant, was the 'last wrongdoer'. By the exercise of the simplest precaution, the plaintiff could have avoided the accident at a late moment, even after the train crew conceivably had lost control over the situation."

The requirement of a time interval sufficient to permit a defendant to avoid the peril was followed in a case involving an intersectional collision, Disabatino and Raniere, Inc. v. Gilmore, 46 Del. 323, 83 A.2d 695 (Del.Super.1951).

"The doctrine of last clear chance cannot be applied unless one driver has a clear opportunity to avoid the accident. It has been said that it should be applied only in exceptional circumstances to a collision between two moving vehicles, for in such event their negligences are usually concurrent rather than successive. * * * Under the possible assumed facts of the present case, it does not appear that Raniere had a clear opportunity to avoid the collision after the time when he first should have discovered Gilmore's position of danger. The negligences were practically simultaneous. Any interval of time between Gilmore's reaching a place of danger and Raniere's ability to observe and avoid it was too insignificant to warrant submission of the question to the jury. * * *"

■ Based upon the facts presented in the instant case the acts of negligence, discovery of peril and the collision itself were almost simultaneous, and the doctrine of last clear chance is wholly inapplicable.

The defendants' motion for summary judgment is granted.

It is so ordered.